18717. McGahee *v.* Phillips.

Argued September 14, 1954—Decided October 13, 1954.

*Abbot & Abbot,* for plaintiff in error.

*Marshal L. Fountain,* contra.

ALMAND, Justice. George Phillips filed a petition in the Court of Ordinary of Jefferson County to probate the last will and testament of A. C. McGahee. To this petition Mrs. Annie Clotyde McGahee, widow and sole heir at law of the deceased, filed her caveat, which as amended charged that the testator at the time of making said pretended will was not of sound and disposing mind and memory, and was suffering from a monomania or delusion, without reason or foundation, of ill will and dislike for his wife, the caveatrix, and also that the will was made as result of the undue influence of Phillips, the propounder. The purported will, after providing for payment of the debts of the testator, bequeathed the entire estate to the caveatrix for and during her natural life, with remainder to Phillips, the propounder. On the hearing in the court of ordinary, the caveat was sustained and probate of the will refused. On appeal to the superior court, the jury rendered a verdict in favor of the propounder, and the will was ordered probated. The motion of the caveatrix for a new trial upon the general and special grounds being overruled, she brings the case here by bill of exceptions for review.

■ The first ground of the amended motion complains that the court erred in refusing to permit the caveatrix to introduce in evidence testimony that the testator left surviving him a mother and a sister, and as to their condition as to health and financial circumstances, it being contended that such testimony was relevant on the issues of monomania and the reasonableness or unreasonableness of the will, the testator having disposed of the remainder interest in his estate, upon the death of his wife, to the propounder, who was a total stranger, and that it was also relevant on the question of undue influence.

It was not error to reject this testimony, for the reason that the caveat attacked the will as resulting from a monomania of the testator and because of undue influence, and was based on the ground that the monomania was manifested against the testator's wife alone. If probate of the will was refused, the testator's wife alone would receive the entire estate, and his mother and sister would not stand to receive any benefit, and

therefore it was not relevant or material to the issue to introduce evidence as to the financial condition or health of the testator's mother and sister. See, in this connection, *Deans* v. *Deans*, 171 *Ga.* 664 (156 S. E. 691, 74 A. L. R. 222); *Smith* v. *Davis*, 203 *Ga.* 175 (45 S. E. 2d 609).

■ Ground 4 assigns error on the admission of certain testimony. While Dr. J. J. Pilcher, a witness for the propounder, was on the witness stand, counsel for the propounder handed the witness the purported will, and asked the witness to read it, and then asked him, "Could that be the will of a man who is sane or rational?"; and after a colloquy between counsel for the caveatrix and the court, the court propounded this question to the witness: "Doctor, there was a caveat filed in this case where they said that the deceased, Mr. McGahee, was a [monomaniac], that will, does it give the symptoms of a monomaniac?", to which question the witness replied, "That is a hard question to answer, I think if I was a beneficiary under the will, I wouldn't like it, if I was a relative, as to the wording of the will, I can't see anything that would indicate insanity, from the wording of the will, if that is what you mean." Counsel for the caveatrix objected to the question and answer, on the ground that it was not a proper subject matter for the opinion of an expert medical witness, it being contended that the evidence given by the doctor was an opinion to be determined solely by the jury.

In our opinion this testimony was inadmissible, and the evidence on the questions of monomania and undue influence not demanding a verdict for the propounder, its admission was error requiring the grant of a new trial. Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor; but if the issue shall be as to the existence of a fact, the opinions of witnesses, generally, shall be inadmissible. Code § 38-1708. What is mental capacity to make a will is a question of law, but on the trial of an issue of devisavit vel non, whether the testator had mental capacity to make a will at the time of signing the paper is a question for decision by the jury, and a witness cannot testify as to such legal conclusion, whether he be an expert or a nonexpert. *Morgan* v. *Bell*, 189 *Ga.* 432 (5 S. E. 2d 897). Where a jury can form a correct conclusion from

the facts appearing in a case, the opinion of a witness as to such matter is inadmissible. *Shaw* v. *Jones, Newton & Co.*, 133 *Ga.* 446 (2) (66 S. E. 240). Where the jury are as competent as a witness to draw conclusions from facts testified, the opinion of a witness is inadmissible. *Robinson* v. *State*, 128 *Ga.* 254 (4) (57 S. E. 315). "Although the opinion of a witness as to a fact is admissible where it is impossible to detail the circumstances which lead him to a particular conclusion, or it is impossible to give the jury sufficient data for them to make a conclusion, and it is permissible for a witness, after the facts and circumstances upon which his conclusion is drawn are stated, to give an opinion, a witness can not state an opinion or conclusion where the data or facts are such that the jury can make its own calculations or conclusions." *Harris* v. *State*, 188 *Ga.* 745, 747 (4 S. E. 2d 651). It was held in *Dyar* v. *Dyar*, 161 *Ga.* 615 (8) (131 S. E. 535), that whether or not the will sought to be probated represented the vagaries of a drunkard, instead of the natural desire of one disposing of his property, is a question for the jury. The fact that the will is ungrammatical or inaccurate does not of itself establish mental incapacity to execute a will. State ex rel. Estes *v.* Goodman, 133 Tenn. 375 (181 S. W. 312 (9)); Fowler *v.* Fowler, 318 Mo. 1078 (2 S. W. 2d 707); Adams *v.* Kendrick, 321 Mo. 310 (11 S. W. 2d 16).

The will was before the jury, and it was for them and not for a witness to determine whether or not from a reading of the will and the nature and disposition made by the testator, or its wording, a conclusion could be reached as to whether at the time of the execution of the will the testator was or was not suffering from monomania. To permit a witness to draw an opinion from a reading of the will that it did not indicate to the witness that the testator was insane, was to invade the province of the jury, and such opinion of the witness should not have been admitted in evidence.

◼ Special grounds 2, 3, and 5 complain that the court committed prejudicial error in making certain remarks during the trial, in colloquies between counsel and the court, in reference to the admission or rejection of evidence, and in doing so expressed opinions in the presence of the jury that were harmful to the caveatrix. Even if these assignments of error are suffi-

cient in form or substance to require our ruling on them (*Ealy v. Tolbert*, 210 *Ga.* 96 (2) (78 S. E. 2d 26), it is unnecessary to do so, because the matters referred to in these grounds will not likely recur on a retrial of the case.

■ Ground 6 complains that the court erred in refusing to permit the caveatrix to testify as to a remark a certain person made in regard to the physical condition of a third person. The court properly rejected this evidence.

In view of the fact that a new trial is necessary by reason of our ruling in division 2 above, it is unnecessary to pass upon the general grounds of the motion.

*Judgment reversed. All the Justices concur.*