35680.   SMITH *v.* HARRISON.

Decided September 9, 1955.

*E. C. Stark, Kimzey & Crawford, Linton K. Crawford,* for plaintiff in error.

*Erwin, Nix, Birchmore & Epting, Davis & Davidson,* contra.

QUILLIAN, J. ■ Grounds 1 and 2 of the amended motion for new trial complain that, without request, the trial court failed to give in charge to the jury subsections (c) and (e) of Code § 68-303, reading: "(c) An operator meeting another vehicle coming from the opposite direction on the same highway shall turn to the right of the center on the highway, so as to pass without interference. . . (e) An operator in rounding curves shall reduce speed and shall keep his vehicle as far to the right on the highway as reasonably possible."

The plaintiff's case was predicated upon the contention that certain injuries sustained by him in a collision between an automobile in which he was a guest passenger and the defendant's automobile were caused by the failure of the defendant's driver to observe the requirements of the subsections referred to.

In *Kryder* v. *State,* 57 *Ga. App.* 200 (4) (194 S. E. 890), it is said that the thing of paramount importance is that the jury be instructed as to the issues of the case and the law applicable thereto. "The Supreme Court has uniformly held that the charge of the judge to the jury must give the law of the case to the extent of covering the substantial issues made by the evidence whether such instructions are requested or not; and this is especially true where there is but one controlling issue, and for its just determination a specific instruction should be given." *Van Valkenburg* v. *Wood,* 41 *Ga. App.* 564 (1) (153 S. E. 924). In *Phenix Insurance Co.* v. *Hart,* 112 *Ga.* 765 (1) (38 S. E. 67), and *Chattanooga &c. R. Co.* v. *Voils,* 113 *Ga.* 361 (38 S. E. 819), it was held error for the court to fail to charge the jury on a vital issue in the case, whether requested to do so or not.

There was sufficient evidence to make an issue as to whether the defendant's driver violated Code § 68-303 (c); the issue was a vital issue in the case. To fail to instruct the jury as to the rule of law embodied in subsection (c) of § 68-303 was error requiring a new trial. It also appears from the record that, while it was somewhat vague and indefinite, there was some evidence to

support the plaintiff's contention that the defendant's driver violated subsection (c).

■ As contended in ground 3 of the amended motion for new trial, the court when charging on Code § 38-107, providing the method by which it is determined where the preponderance of evidence lies, should not have omitted to instruct the jury that they consider "the nature of facts to which they testified, and the probability of their testimony."

Under the facts of this case, it was error for the court, in charging the provisions of Code § 38-107 concerning the matters to be considered by the jury in determining where the preponderance of the evidence lies, to fail to instruct the jury that they should consider "the nature of the facts" testified to by the witness and "the probability or improbability of their testimony." *Turner v. Joiner,* 77 *Ga. App.* 603 (3) (48 S. E. 2d 907).

■ The 4th ground of the motion for new trial complains that the court erred in charging the jury: "I charge you that the speed limit at the time of the alleged damages, if you believe there were damages, for automobiles equipped with pneumatic tires was a maximum of fifty-five miles per hour."

The charge complained of undertakes to give the rule in reference to the speed of automobiles fixed by Code (Ann. Supp.) § 68-301, in force at the time of the occurrence under investigation in the trial of the case. So much of the Code section as is applicable to the facts of the case reads: "(a) No person shall operate a motor vehicle upon any public street or highway at a speed that is greater than is reasonable and safe, having due regard to the conditions then existing, including the width, grade, character, traffic and common use of such street or highway, or so as to endanger life, or limbs, or property in any respect whatsoever. (b) Subject to the foregoing limitations operators of motor vehicles upon the public streets and highways of this state are authorized to operate them up to but not exceeding the speed limits provided in the following classified tabulation:

| Total Gross Combined Weight of Motor Vehicles and load in pounds | Speed in Miles per Hour Kind of Tires | | |
|---|---|---|---|
| | Metallic | Solid | Pneumatic |
| Less than 10,000 | 10 | 25 | 55   ." |

In the instant case it was as much an issue whether the speed of each vehicle involved in the collision was reasonable and safe, as whether it was exceeding the speed of 55 miles per hour.

It was error to omit a material, pertinent part of the rule of law that the court undertook to give in charge to the jury.

◼ Special grounds 5 and 6 complain of certain excerpts from the charge of the court, to the effect that the plaintiff could not recover unless he was in the exercise of ordinary care for his own safety, and special ground 7 complains of a portion of the charge relating to comparative negligence on the part of the plaintiff such as would bar his recovery.

It is well settled that an adult guest passenger does not ride as dead weight in the automobile of his host. *Crandall* v. *Sammons,* 62 *Ga. App.* 1 (7 S. E. 2d 575). When he knows or by the exercise of ordinary care should know, on account of his host's condition, the speed at which the automobile is being driven, or other circumstances connected with its operation, that he is exposed or about to be exposed to peril, the guest is required to do whatever an ordinarily prudent person similarly situated would do for his own protection. *Wilson* v. *Harrell,* 87 *Ga. App.* 793 (75 S. E. 2d 436). However, no duty devolves upon the guest passenger, who has no right or duty to control the operation of the automobile, unless the circumstances are such that he is afforded a reasonable opportunity to take appropriate action to avoid being injured. *McCord* v. *Benford,* 48 *Ga. App.* 738 (3) (173 S. E. 208). If, on account of the brevity of time, the proximity of objects, or like circumstances, the guest passenger is deprived of the opportunity to save himself from the wantonness or carelessness of his host, the law does not enjoin upon him a duty that he could not as an ordinarily careful person be expected to perform.

We do not think that the evidence produced upon the trial of the case authorized the jury to find that the host in the present case had operated the automobile in which the plaintiff was a guest (for such distance and period of time) at such a high and reckless rate of speed that the plaintiff was under the duty to warn, protest, or remonstrate with his host, or take other appropriate action to avoid the consequences of his negligence.

The evidence shows that, at a distance of about two miles from the place of the collision, the host passed an automobile at a

speed exceeding 50 miles per hour, but the undisputed evidence of another witness was that, at a point about 1,000 feet from the scene of the collision, he was driving at the rate of 40 miles per hour.

The only testimony that would tend to show that he increased his speed was that of Mr. Wood, the defendant's driver, who testified that, immediately before the collision occurred, he estimated the speed of Billy Dodd's automobile (the automobile in which the plaintiff was riding) at 65 to 70 miles per hour, and that, immediately before the collision occurred, Dodd lost control of his automobile and veered from one side of the road to the other. The same witness fixed the distance at which he had an opportunity to observe the speed of the Dodd vehicle at a little farther than the witness stood to the back of the courtroom, and gauged his own speed at 25 to 30 miles per hour. So it appears without much question, if the court assumes as a matter of common knowledge that courtrooms in Georgia courthouses do not exceed 200 feet in length, that the witness had less than a second to form an opinion as to the speed of the approaching automobile. If in so short a time he could have accurately estimated its speed, nothing in the record shows that the Dodd automobile had been traveling prior to the collision at a high or reckless speed for a sufficient length of time to afford the plaintiff an opportunity to protest or warn his host.

In order to authorize the charges complained of in reference to the duty of the plaintiff to avoid the defendant's negligence, if any appeared, and the rules relative to comparative negligence, there should have been sufficient evidence produced upon the trial to make an issue as to whether the plaintiff by the exercise of ordinary care could have avoided the consequence of the defendant's negligence, or whether his conduct was a contributing cause of the collision resulting in his injuries. *Wilson* v. *Harrell*, supra; *Healan* v. *Powell*, 91 *Ga. App.* 787 (87 S. E. 2d 332).

■ The 8th ground of the amended motion for new trial assigns as error the charge: "The general rule is that if subsequently to an original wrongful act, or negligent act, a new cause has intervened of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote, still if the character of the intervening act claimed to break the connection

between the original wrongful act and the subsequent injury was such that its probable or natural consequences could have been reasonably anticipated, apprehended or foreseen, by the original wrongdoer the causal connection is not broken and the original wrongdoer is responsible for all the consequences resulting from the intervening act."

According to undisputed evidence, the plaintiff's host and the defendant's driver drove the automobiles around a curve in the highway, and each came in view of the other at the same time. In this situation, if either of the drivers drove on his left side of the highway and at an unlawful speed, and the other driver was guilty of like negligence, their several acts of negligence were simultaneous active forces proximately causing the collision; and the conclusion is inescapable that, according to this court's holding in Bozeman v. Blue's Truck Line, 62 Ga. App. 7 (7 S. E. 2d 412), the act of neither could in contemplation of the law be termed an intervening cause. Each of the drivers could have reasonably anticipated that the other might be guilty of like conduct.

In the well-considered opinion in the Bozeman case, it is pointed out that, if the negligent act of a person is according to human experience calculated to induce or invite disaster through the negligence of another, he cannot rely upon the doctrine of an intervening cause to insulate him from liability.

The instructions complained of were not appropriate to the issues made by the pleadings and evidence in the case.

■ The 9th special ground assigns as error an excerpt from the charge, instructing the jury that, if the plaintiff had "had the right or was under the duty to control or influence the conduct of the driver, any negligence of the driver which contributed to causing the collision would be imputable to the plaintiff, and that the plaintiff would be responsible for such conduct of the driver."

There was no evidence that the plaintiff had such right or was under the duty referred to, but the evidence showed without contradiction that he was a gratuitous guest in his host's automobile at the time of the collision. The charge was not adapted to the issues of the case and was error.

■ The 10th ground of the motion for new trial is without merit.

Judgment reversed. Felton, C. J., and Nichols, J., concur.