28748. JOHNSON et al. v. FRANKLIN et al.

NICHOLS, Presiding Justice.

The plaintiffs sued the defendants to enjoin a continuing trespass and to recover for timber cut from their land. The defendants' answer alleged that they and not the plaintiffs, owned the land in question. The

issues as thus made were (1) who owned the land, (2) had timber been cut therefrom by the defendants, (3) what was the value of the timber cut if it was cut from the plaintiffs' land, and (4) should a permanent injunction issue? The jury returned a verdict for the plaintiffs which awarded damages and found that the defendants should be restrained. The defendants' amended motion for new trial was overruled and the present appeal filed.

1. " 'It is not improper, in charging the jury, to state the contentions made by the allegations of the petition (*Barbre v. Scott,* 75 Ga. App. 524, 534 (43 SE2d 760)), or to give them by a narrative reading of the petition (*McGee v. Bennett,* 72 Ga. App. 271, 273 (33 SE2d 577)), even though some of the contentions in either instance be unsupported by the evidence (*Armour & Company v. Roberts,* 63 Ga. App. 846, 847 (12 SE2d 376)).' *Moffett v. McCurry,* 84 Ga. App. 853, 858 (67 SE2d 807)." *Limbert v. Bishop,* 96 Ga. App. 652, 653 (101 SE2d 148). Accordingly, it was not error for the trial court, when instructing the jury as to the contentions of the parties to state the amount of money damages sought by the plaintiffs.

2. The excerpt from the charge complained of in the second enumeration of error contains a slip of the tongue as to the burden of proof and if read alone such excerpt from the charge would be confusing to the jury and in fact an unintelligible statement. However, when such excerpt is read in light of the entire charge the jury could not have been misled as to the burden the plaintiffs had to prove their case. No reversible error is shown by this enumeration of error.

3. Enumerations of error numbered 3 through 10 complain of excerpts from the charge, all relating to establishment of boundary lines between adjoining land owners and the establishment of title to land. The complaint in each enumeration of error is that the evidence did not authorize such charge, as to one that such excerpt was incomplete, and as to one that it is not a correct statement of the law.

"A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly

sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall. . . To warrant the court, in charging the jury on a given topic, such as whether certain land was included in a purchase by certain persons of other land, it is not necessary that the evidence should shine upon it with a clear light. It is enough if glimpses of it be afforded by the evidence. Truth is often dim, but is truth nevertheless." *Brown v. Matthews,* 79 Ga. 1 (1, 2) (4 SE 13). This often quoted language is applicable and controlling as to these enumerations of error.

When the whole charge is considered and the entire transcript of evidence is read the excerpts of the charge complained of in these enumerations of error were authorized by the evidence and complete.

The excerpt complained of in the 6th enumeration of error discloses, as the second enumeration of error did, a slip of the tongue which could not have been misleading to the jury.

4. "That the court in his charge to the jury intimated an opinion upon an uncontested and undisputed fact in the case is not cause for a new trial." *Daniel v. Charping,* 151 Ga. 34 (3) (105 SE 465). Accordingly, it was not reversible error to instruct the jury with reference to the timber cut where such fact was alleged in the plaintiffs' complaint, admitted in the defendants' answer and evidence of such fact was presented by both the plaintiffs and defendants.

5. The primary issue in the case being the title to the disputed area which issue would have to be determined by the location of the boundary line between the parties, the excerpt and further charge complained of in the 12th enumeration of error shows no error, nor was the charge complained of in the 13th enumeration of error erroneous as being argumentative where the issue to be decided was restated to the jury upon recharge after they were originally unable to reach a verdict.

6. Enumerations of error numbered 14 and 15 complain of further excerpts from the courts' instructions upon recharge. These excerpts from the recharge urged, but did not require, them to reach a

verdict. When read in context with the remainder of the charge they show no error.

7. Surveys are made by surveyors. Thus in charging the jury the provisions of Code § 85-1601, the use of the word "surveyors" rather than "survey" as the last word in the first sentence of such Code sections, as complained of in the 16th enumeration of error, was not reversible error.

8. The trial court did not express an opinion in admitting the plaintiffs' exhibit 7 as contended in enumeration of error numbered 18, nor after determining that possession of such exhibit, a plat, had been in the witness for 44 years, was it error to admit such exhibit in evidence as contended in enumeration of error numbered 17.

9. As was held in *Smith v. Goodwin,* 103 Ga. App. 248, 249 (119 SE2d 35), it was not an abuse of discretion to permit more than one attorney to interrogate witnesses where no single witness was interrogated by more than one attorney. Enumeration of error numbered 19 shows no error.

10. The trial court did not err, as contended in enumeration of error number 20, in refusing to admit hearsay testimony of a self-serving declaration of one of the appellants.

11. The trial court did not err in instructing the jury, upon admitting a plat of survey into evidence, that a conclusion written upon such exhibit by the surveyor that one of the lines shown "is property line" was a conclusion and that the jury should decide where the line dividing the property is located. Such instruction did not preclude the surveyor from testifying as to where he found the property line to be located based upon his survey, and he did in fact so testify. Enumeration of error numbered 21 shows no error.

12. Where, as in this case, a witness for the defendants testified that he could not find a document properly on file in the clerk's office, it is not error to permit a witness to testify on rebuttal that such document was on file and that she found it.

13. The judgment of the trial court followed the verdict which was based upon the pleadings and evidence.

Accordingly, the contention made in enumeration of error numbered 23 that the judgment enlarged the verdict of the jury shows no error.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 8, 1974 — DECIDED MAY 7, 1974.

*Ham, Mills & Freeman, W. Franklin Freeman, Jr.,* for appellants.

*Alfred D. Fears, Byrd, Groover & Buford, Denmark Groover, Jr.,* for appellees.