## 65192. NATIONS v. WINTER.

SOGNIER, Judge.

Myrtle Winter sued Hugh Nations for conversion, fraud, punitive damages and attorney fees. Winter, a client of attorney Nations, alleged that Nations wrongfully withheld funds from a payment made on a $25,000 life insurance policy on Winter's

deceased husband. Nations denied the allegations and pleaded, inter alia, accord and satisfaction. At trial, Nations sought to prove that the funds were due him according to an oral contingency fee arrangement made with Winter for one-third of the proceeds of the insurance policy. Winter also sued Nations for breach of contract for failing to probate her late husband's will for which she paid Nations $250. The jury returned a verdict in favor of Winter as follows: $8,343.26 actual damages for conversion, $250 actual damages for breach of contract, $4,000 punitive damages and $4,000 expenses of litigation. Nations appeals.

1. Appellant contends the trial court erred in failing to direct a verdict in his favor and in denying his motions for judgment notwithstanding the verdict and new trial. Appellant argues that the evidence established that he had an oral agreement with Winter that he would receive one-third of the proceeds of the insurance policy and that when Winter accepted and deposited Nations' check for two-thirds of the payment on the policy her actions amounted to an accord and satisfaction; thus, appellant argues he was entitled to the funds withheld from the proceeds of the insurance policy.

Appellee testified that she hired appellant to probate her late husband's will and paid him $250; she also testified that appellant indicated that he would write a letter to her husband's insurer to request a proof of loss form for filing. The evidence disclosed that after filing a claim with the insurance company, appellant received a $25,000 payment on the policy and instructed appellee to endorse the check over to him to be deposited in his escrow account until the insurance check cleared the bank. Thereafter, appellant issued a check to appellee for two-thirds of the amount of the insurance check. Appellee objected and demanded payment of the balance but proceeded to cash the check from appellant. Appellee denied having agreed to any fee arrangement with appellant.

Appellant testified that in his discussions with appellee regarding the insurance policy, he indicated that the benefits would be difficult to collect and that his fee would be one-third of whatever he managed to collect from the insurance company. Appellant also admitted that the will had not been probated but that he had told appellee there would be a problem with it because she had notarized the signatures on the will.

"An oral contract is legal and may be enforced by an action at law. [Cits.] Where there is a conflict in the evidence as to what the specific terms of an oral contract are, including that of consideration, this is a question for the jury...." Venable v. Block, 138 Ga. App. 215, 217 (225 SE2d 755) (1976). Similarly, an accord and satisfaction is itself a contract and requires a meeting of the minds in order to render

it valid and binding; as a general rule, whether there is accord and satisfaction is a question for the jury. *Woodstock Rd. &c. Prop. v. Lacy,* 149 Ga. App. 593, 594 (254 SE2d 910) (1979).

The jury was entitled to believe that there had been no oral contract with regard to the insurance claim and no accord and satisfaction, and that appellant was not entitled to deduct one-third of the $25,000 insurance payment for his fee. Thus, the jury was authorized to conclude that Nations had lawfully gained possession of Winter's property, that title and right of possession to the property belonged to Winter and that she had demanded and been refused delivery of the property. *Charter Mortgage Co. v. Ahouse,* 165 Ga. App. 497 (300 SE2d 328) (1983).

Appellant further contends that there was no evidence of fraud. Under the circumstances, it is a jury question as to whether Nations by trick or misrepresentation obtained Winter's signature on the insurance check, by failing to tell her he would deduct his fee prior to issuing a check to her. This is especially true where a confidential relationship existed. *Scott v. Lumpkin,* 153 Ga. App. 17, 19 (264 SE2d 514) (1980).

The jury was also authorized to find that there *was* an oral contract to probate the will and that it had been breached when appellant failed to carry out the probate. The trial court did not err in denying appellant's motions for a directed verdict, new trial or judgment notwithstanding the verdict.

2. Appellant contends that the trial court erred in excluding evidence of declarations appellant made to third parties regarding the contingency fee agreement he had made with appellee. The statements were not made in the presence of appellee, and were properly excluded as self-serving declarations. *Johnson v. Franklin,* 232 Ga. 227, 230 (206 SE2d 19) (1974); *Hortman v. Gresham,* 137 Ga. App. 253, 254 (223 SE2d 285) (1976).

3. Appellant next contends that the trial court erred in refusing to admit certain testimony of appellant pertaining to appellee's understanding of attorney fees. The proffered testimony concerned Nations' relationship with the late Mr. Winter. Such evidence is irrelevant as to Nations' relationship with Mrs. Winter, and was properly excluded. See *McCravy v. McCravy,* 244 Ga. 336 (260 SE2d 52) (1979).

4. Appellant contends the trial court erred in charging the jury on fraud and trover as well as the money rule. Appellant argues that such a charge includes mutually exclusive claims and is highly prejudicial. The trial court charged the jury on the 20% interest penalty provided for in OCGA § 15-13-3 (formerly Code Ann. § 24-206): "If any . . . attorney at law fails, upon application, to pay to

the proper person . . . any money he may have in his hands which he may have collected by virtue of his office, the party entitled thereto . . . may serve such officer with a written demand for the same. If not then paid, for such neglect or refusal the officer shall be compelled to pay interest at the rate of 20 percent per annum upon the sum he has in his hands from the date of the demand. . . ." The right of the client to this penalty does not necessarily depend on the client proceeding against the attorney under the money rule summary proceeding. OCGA § 15-13-1 et seq. (formerly Code Ann. § 24-201 et seq.); OCGA § 15-19-16 (formerly Code Ann. § 9-617). "The section is silent as to the remedy of the client for the collection of his money and the penalty. We can see no good reason why, if the client waives the harsh remedy of a rule, and resorts to the milder but longer remedy of an action at law to recover his money and this penalty, the client would forfeit his right to his twenty per cent. on the money so withheld from him by his lawyer." *Edwards v. Wall,* 153 Ga. 776, 785 (113 SE 190) (1922). The trial court did not err in its charge on trover, fraud and the twenty percent penalty as there was evidence to support the charge.

5. Appellant also contends that the trial court erred in failing to give certain requested charges to the jury.

a. Appellant requested a charge on implied contract to furnish services. However, appellant's counsel agreed in open court at the close of the case that quantum meruit was not an issue in the case. A suit on quantum meruit is a suit on an implied promise to pay the value of services rendered. *Gayle v. Greco,* 150 Ga. App. 651 (258 SE2d 301) (1979). Appellant is bound by his attorney's statement made in open court which removed this issue from the case. See *N.A.A.C.P. v. Pye,* 96 Ga. App. 685, 686 (101 SE2d 609) (1957). There was no error in refusing to charge on this issue.

b. Appellant contends the trial court erred in failing to charge on accord and satisfaction; however, after reviewing the charge we find to the contrary, that the trial court instructed the jury on accord and satisfaction.

c. Finally, appellant contends that the trial court erred in failing to charge the jury on fraudulent representations made in insurance applications. Appellant argues that such a charge was required to illustrate the speculative nature of the problem and the difficulty in collecting the insurance proceeds, thus, justifying his fee. However, such a charge would have been collateral to the issues being tried, and would have been argumentative and confusing to the jury. *Hill v. Hospital Auth.,* 137 Ga. App. 633, 641 (224 SE2d 739) (1976). We find no error in the trial court's refusal to charge on this issue.

6. Finally, appellant contends that the trial court erred in denying his motion to amend the judgment. We find that the

judgment conforms to the jury's verdict and is definite and capable of execution. See *Jolly v. Jolly,* 137 Ga. App. 625 (224 SE2d 807) (1976). Appellant complains that the judgment for actual damages in the amount of $8,593.26 is inaccurate. However, the jury returned a verdict for $8,343.26 for actual damages on the conversion and $250 for breach of the contract to probate the will. There is ample evidence to support the jury's verdict on both counts and we find no error in the judgment.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 9, 1983 —
REHEARING DENIED MARCH 24, 1983 —

*William G. Posey,* for appellant.
*Gary W. Smith,* for appellee.