73400. BELLAMY v. EDWARDS et al.
(354 SE2d 434)

CARLEY, Judge.

Mr. and Mrs. Edwards, the appellee-plaintiffs in the instant appeal, were injured when another vehicle collided with theirs at an intersection. They brought suit against Mitchell, the driver of the other vehicle, and against appellant-defendant Bellamy. The case was tried before a jury and evidence was adduced which authorized a finding that, for several miles prior to the collision, appellant and Mitchell had been driving their respective vehicles toward a common destination, at speeds of 80 miles per hour or more, with Mitchell following closely behind appellant. The evidence also authorized a finding that appellant and then Mitchell disregarded a stop sign and drove through the intersection at a high rate of speed within one car-length of each other. Appellant cleared the intersection but Mitchell collided with appellees. On this evidence, the jury returned joint and several verdicts in favor of appellees against Mitchell and appellant. Appellant appeals from the judgments entered on the jury's verdicts.

1. Appellant enumerates as error the refusal of the trial court to direct a verdict in his favor. He asserts that, in the absence of proof that he and Mitchell were "racing" in violation of OCGA § 40-6-186, there is no legal basis for holding him liable for a collision in which

his vehicle was not actually involved.

The basis for imposing liability upon a racer for the damages resulting from a collision involving only his co-racer's vehicle is that " 'two or more persons engaged in a common enterprise are jointly liable for wrongful acts done in connection with the enterprise, at least where the enterprise is an unlawful one, in which case all are answerable for any injury done by any one of them. . . . [W]here two persons are jointly engaged in an unlawful enterprise, and each performs a wrongful act in pursuit of such purpose, one of which acts causes an injury, the parties may be held jointly and severally liable. . . .' [Cits.]" *Hood v. Evans*, 106 Ga. App. 360, 363 (126 SE2d 898) (1962) (On Motion for Rehearing). Although we find no Georgia case which clearly applies the "unlawful enterprise" principle other than in the context of "racing," we also find no authority holding that its application is necessarily limited *only* to instances of "racing." Indeed, the "unlawful enterprise" rationale is readily construable as a mere corollary of the general legal principle that, "if the negligent act of a person is according to human experience calculated to induce or invite disaster through the negligence of another," he is liable for the damage caused thereby. *Smith v. Harrison*, 92 Ga. App. 576, 582 (5) (89 SE2d 273) (1955).

Even assuming without deciding that appellant is correct that the evidence would not authorize a finding that he and Mitchell were technically "racing" as defined in OCGA § 40-6-186 (a) (2), the evidence nevertheless authorized a finding that he drove recklessly and at excessive speeds, disregarded a stop sign, and that, by so doing, he encouraged Mitchell to do the same and thus acted in conjunction with Mitchell. Under factually similar circumstances, the Supreme Court of Wisconsin has held that "when there is an understanding to reach a common destination and in doing so illegal speed is used and the cars are driven so closely together as to be practically in tandem, or to constitute a unit, . . . we have a situation of mutual stimulation where the negligence of each participant is so related to the negligence of the other participants that the participants should each be chargeable with the causal negligence of the other as to speed. . . ." *Ogle v. Avina*, 146 NW2d 422, 427 (Wis. 1966). The reasoning of the Wisconsin court is persuasive, and we find it applicable in the case sub judice under the principles set forth both in *Hood v. Evans*, supra, and in *Smith v. Harrison*, supra. A "common enterprise" to drive two cars in tandem at excessive speeds and in a reckless manner is as much a tacit "unlawful joint enterprise" to violate the traffic laws of this State as an agreement to engage in "racing." Under the evidence, that it was Mitchell rather than appellant who collided with the appellees was a mere fortuity. Had appellant not been speeding and had he obeyed the stop sign at the intersection, the collision pre-

sumably would not have occurred. Instead, knowing that Mitchell was following his lead, appellant sped into the intersection with the result that the appellees were seriously injured in the resulting collision with Mitchell. Accordingly, the jury in this case could have found that the conduct of appellant and Mitchell constituted an unlawful joint enterprise which proximately caused appellees' injuries.

Appellant premised his motion for directed verdict solely on the contention that, absent evidence of "racing," he could not be held liable. For the reasons discussed above, evidence of an unlawful enterprise other than "racing" authorized the imposition of liability against appellant for the collision. Therefore, the trial court did not err in denying appellant's motion for a directed verdict.

2. Appellant enumerates as error the giving of jury instructions that he could be found liable to appellees if he drove too fast for conditions, drove recklessly, or disregarded a stop sign, and such violations proximately caused the collision. As discussed in Division 1, appellant's liability was predicated upon his participation in an "unlawful enterprise." The charges were based upon evidence of appellant's in tandem traffic violations and were correct statements of the law. There was no error. See generally *Dept. of Transp. v. 19.646 Acres of Land*, 178 Ga. App. 287, 288 (2) (342 SE2d 760) (1986).

3. The trial court's charge to the jury regarding the duties of a driver to stop or to return to the scene of a vehicular collision is enumerated as error. Appellant asserts that these duties apply only to the drivers of the vehicles which actually collide. No authority is cited for this proposition and we find none. The statutory duties apply to a driver who is "involved" in a collision. See OCGA §§ 40-6-270; 271. The jury was clearly authorized to find that appellant was "involved" in the collision at issue.

Appellant further contends that the instruction was erroneously given because any failure on his part to return to the scene of the collision could not have been the proximate cause of any of appellees' damages. Although appellant's conduct in leaving the scene bore no causal connection to the collision, the jury was authorized to consider it "in connection with his other acts preceding the injury, as tending to establish his conduct in causing the injury as being negligence." *Battle v. Kilcrease*, 54 Ga. App. 808 (1) (189 SE 573) (1936). Moreover, appellant's subsequent conduct in this regard was relevant to the issue of punitive damages. *Battle v. Kilcrease*, supra at 809 (3, 4). The trial court did not err in giving the charge.

4. The giving of a charge on tampering with evidence is enumerated as error. There was slight evidence authorizing a finding that, subsequent to the collision, appellant had tampered with the evidence by planting a cooler and some beer cans in appellees' truck. This evidence was relevant to the issue of punitive damages. *Georgia Power*

*Co. v. Hinson*, 179 Ga. App. 263, 266-67 (2) (346 SE2d 73) (1986). Contrary to appellant's assertion, the trial court did not instruct the jury that an act of tampering with the evidence would be relevant to the issues of proximate cause and liability.

5. Appellant enumerates as error the trial court's refusal to strike testimony regarding the alleged discovery of drugs at the scene of the collision and in Mitchell's vehicle. At the scene, police allegedly discovered nine tablets of diazepam, or Valium, designed to resemble methaqualone (Quaalude) tablets. The following day, a bag of marijuana was found in Mitchell's truck. Appellant's sole contention regarding the inadmissibility of the evidence is that the respective chains of custody of the drugs were incomplete. See *Atlanta Coca-Cola Bottling Co. v. Burke*, 109 Ga. App. 53 (1) (134 SE2d 909) (1964).

The chain of custody for seven of the nine tablets was not proven and, other than nonprobative hearsay, there was no evidence produced to show that those seven tablets were found at the scene. However, the chains of custody for the remaining two tablets and for the marijuana were complete, and those drugs were linked to Mitchell and the collision. Under these circumstances, the seven tablets were merely cumulative of other evidence of drugs and any error in their admission over the chain of custody objection must be viewed as harmless. See generally *Foster v. Morrison*, 177 Ga. App. 250, 251-252 (4) (339 SE2d 307) (1985).

6. The trial court's charge with respect to the offense of driving under the influence is enumerated as error. The contention is that the trial court erred in giving the charge because there was no evidence that appellant was driving under the influence.

The charge as given did not overly emphasize or specify driving under the influence as a basis for imposing liability upon appellant. It did include instructions that driving under the influence was included in appellees' complaint as an allegation against both Mitchell and appellant. It also included instructions on abstract legal principles regarding driving under the influence. There had been sufficient evidence adduced to support appellees' allegations of Mitchell's intoxication. Any failure to direct a partial directed verdict in appellant's favor as to his driving under the influence is not enumerated as error. However, assuming that appellant is correct and appellees produced no evidence as to his intoxication, the applicable legal principle with regard to jury instructions is as follows: "While in charging the jury it is not reversible error to merely state correctly the *contentions* as made by the allegations of the petition, even though some of the contentions may not be supported by the evidence ([cits.]), yet to instruct the jury on the *law* of a contention as to which there is no evidence, though the charge be correct in the abstract, is cause for a

new trial, unless it is apparent that the jury could not have been misled. [Cits.]" (Emphasis supplied.) *Robertson v. Abernathy*, 192 Ga. 694, 698 (4a) (16 SE2d 584) (1941). Applying this principle in the case sub judice, it was not reversible error merely to instruct the jury that a violation of the driving under the influence statute was among the allegations of appellees' complaint as against both appellant and Mitchell, regardless of whether there was any evidence adduced at trial to support those specific allegations of negligence. See generally *Johnson v. Franklin*, 232 Ga. 227, 228 (1) (206 SE2d 19) (1974). Moreover, it was not reversible error merely to charge on the abstract principles of law applicable to driving under the influence, insofar as such a general charge was warranted by the evidence authorizing the jury to find that Mitchell was intoxicated at the time of the collision.

Since there is no basis for finding reversible error in including instructions as to the allegations of appellees' complaint and as to the abstract general principles of law regarding driving under the influence, it would appear that the only possible deficiency in the trial court's charge that appellant might urge would be the failure to include a specific instruction that, notwithstanding the allegations of appellees' complaint, any evidence of driving under the influence that was adduced was viable only as against Mitchell. However, at the time that evidence of Mitchell's intoxication was introduced, appellant did not request an instruction specifically limiting its relevancy to the issue of Mitchell's negligence. "Failure to instruct on the limited purpose of evidence is not error absent a request. [Cit.]" *Lynch v. State*, 164 Ga. App. 317, 320 (4) (296 SE2d 179) (1982). The only such request by appellant for limiting instructions was made orally, at the close of the evidence and long after the evidence of Mitchell's intoxication had been introduced. "Such request must be in writing for inclusion in the charge to the jury. [Cits.]" *Lynch v. State*, supra at 321 (4). " 'Requests to charge must be timely and properly submitted in *writing*. [Cits.] "It is never error to deny an *oral* request to charge." [Cit.]' [Cit.]" (Emphasis in original.) *Verde v. Granary Enterprises*, 178 Ga. App. 773, 774 (4) (345 SE2d 56) (1986). Accordingly, in the absence of any request made at the time the evidence was introduced or of a proper request made at the close of the evidence, it was not reversible error to fail to give a specific instruction limiting the relevancy of the evidence of intoxication to Mitchell.

There being no reversible error in the charge as given and the failure to include an instruction emphasizing or specifying that driving under the influence was not a viable basis for imposing liability upon appellant being attributable to appellant himself, a new trial is not warranted.

7. Appellant enumerates as error the charge of the trial court with regard to no-fault insurance coverage. The contention is that the

charge erroneously understated the amount of such coverage that was available to appellees and therefore not recoverable in the lawsuit. See OCGA § 33-34-9. However, the record contains no evidence supporting appellant's contention that the amount of such coverage available to appellees was greater than that stated in the charge. "It is the duty of the party asserting error to show it by the record. [Cits.] Assertions of evidence in briefs or enumerations of error cannot satisfy this duty. [Cit.]" *York v. Miller*, 168 Ga. App. 849, 850 (310 SE2d 577) (1983). In the absence of record evidence to the contrary, we must presume that the instruction was correct. Moreover, even assuming that the record did support appellant's contention, a reversal would not be mandated. Any error could be corrected by ordering a write-off from appellees' judgments of the difference between the amount of no-fault benefits available to appellees and the amount that the trial court's charge indicated was available.

8. The verdict form is enumerated as error, the contention being that it was unclear and confusing to the jury with regard to appellees' loss of consortium claims. However, our review of the record shows that the jury was thoroughly and correctly charged on loss of consortium and that the form was unambiguous.

9. Appellant contends that the verdict should be set aside as excessive. On appellant's motion for new trial this enumeration of error was considered and rejected by the trial court. " ' "When a case comes before this court, after the refusal of a new trial by the presiding judge, it comes not only with the presumption in favor of the verdict, but also stamped with the approval of the judge who tried the case, and where no prejudice or bias or corrupt means in reaching the verdict appear, we are not authorized to set it aside as being excessive. [Cits.]" [Cit.] . . .' " *American Family Life Assur. Co. v. Queen*, 171 Ga. App. 870, 873 (5) (321 SE2d 750) (1984). Considering the seriousness and permanence of the injuries suffered, especially those of appellee Mr. Edwards, and in light of ample evidence of aggravating circumstances and the absence of any showing of prejudice or bias, we cannot say that the verdicts were excessive as a matter of law. See generally *American Family Life Assur. Co. v. Queen*, supra; *Valdosta Housing Auth. v. Finnessee*, 160 Ga. App. 552, 553 (1) (287 SE2d 569) (1981); *Firestone Tire &c. Co. v. Pinyan*, 155 Ga. App. 343, 352 (8) (270 SE2d 883) (1980).

*Judgments affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 12, 1987 —
REHEARING DENIED FEBRUARY 27, 1987 —

*Burt DeRieux, Gregory J. Digel, Cathleen M. Devlin,* for appel-

lant.

*W. Carl Reynolds, Eugene O'Brien, Edgar L. Crossett III, Charles M. Cork*, for appellees.