75199. KILPATRICK v. FOSTER et al.
(364 SE2d 588)

BANKE, Presiding Judge.

The appellant sued the appellees to recover for personal injuries which she sustained when an automobile she was driving was struck head-on by an automobile being driven by one Ted McAdams. McAdams died as a result of the accident, and any liability he may have generated as the immediate result of his conduct in the matter is not at issue in this litigation. At the time the collision occurred, McAdams was traveling north on Holly Springs Road in Cobb County, driving a red Corvette. Immediately in front of him, traveling in the same direction and driving a turbocharged Datsun 280 ZX, was appellee Thomas S. Foster; while immediately behind McAdams, traveling in the same direction and driving a beige or cream-colored Corvette, was appellee James W. Weber. The collision occurred when, for reasons which are not entirely clear, McAdams' Corvette crossed over the centerline into the path of the appellant's vehicle, which was proceeding south on Holly Springs Road in its appropriate lane of traffic.

The appellant sought to hold Foster and Weber liable for her injuries on the theory that they had been "racing" with McAdams when the collision occurred, in violation of OCGA § 40-6-186, or had otherwise been participating with him in some form of concerted activity involving the operation of their respective vehicles in a negligent and unlawful manner. At the conclusion of a lengthy trial, the jury returned a verdict in favor of the appellees. The appellant filed this appeal from the denial of her motion for new trial. *Held:*

1. The appellant contends that the trial court erroneously charged the jury that the only form of "negligent concerted activity" for which the appellees could be held liable was that of unlawful "racing." The appellant had requested an instruction that either of the appellees could be held liable for her injuries based on a determination "that there was negligent concerted activity between that [appel-

lee] and Mr. McAdams in the driving of their vehicles on Holly Springs Road" and based on a further determination "that [appellee] committed a negligent act in pursuit of the negligent concerted activity and pursuant to a common design with Mr. McAdams." (The proximate cause requirement was covered in a separate request to charge filed by the appellant.)

An examination of the charge given by the court reveals that, although the court did in fact instruct the jury on more than one occasion that the appellees could be held liable for the appellant's injuries based on a finding that they had engaged in unlawful activity "in joint concert" with McAdams or in pursuit of a "common design" with him, such terminology was, in each instance, employed with reference to the specific activity of racing. We must consequently agree with the appellant that the charge given by the court would not have authorized an assessment of damages against the appellees based on a finding that they had been involved in any form of joint conduct or concerted activity with McAdams other than racing.

At the conclusion of the court's charge, the appellant interposed the following objection: "[W]e object to all statements . . . throughout the charge which have limited our case to one called racing. We continue to believe that speeding alone, reckless driving alone, illegal passing alone, could be a basis for concerted action . . . and that had there been active encouragement of the other vehicles by speeding or by illegal passing, that would form a basis for one being liable for the act of another." This objection was clearly adequate to preserve the alleged defect for appellate review. See generally *Christiansen v. Robertson*, 237 Ga. 711, 712 (229 SE2d 472) (1976).

Subsequent to the trial of the present action, this court held, in *Bellamy v. Edwards*, 181 Ga. App. 887 (1), 888 (354 SE2d 434) (1987), that "[a] 'common enterprise' to drive two cars in tandem at excessive speeds and in a reckless manner is as much a tacit 'unlawful joint enterprise' to violate the traffic laws of this state as an agreement to engage in 'racing.'" In reaching this conclusion, we cited with approval a Wisconsin Supreme Court decision holding that "'when there is an understanding to reach a common destination and in doing so illegal speed is used and the cars are driven so closely together as to be practically in tandem, or to constitute a unit, . . . we have a situation of mutual stimulation where the negligence of each participant is so related to the negligence of the other participants that the participants should each be chargeable with the causal negligence of the other as to speed. . . .' *Ogle v. Avin*, 146 NW2d 422, 427 (Wis. 1966)." Id.

The appellees contend that our holding in *Bellamy v. Edwards*, supra, should not be given retroactive effect. We disagree. "In *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709, 712 (300 SE2d 673) (1983), the

[Georgia Supreme Court] adopted the test set forth in *Chevron Oil Co. v. Huson*, 404 U. S. 97 [(92 SC 349, 30 LE2d 296) (1971)], and held that in deciding whether a decision should be applied retroactively the court should: '(1) Consider whether the decision . . . established a new principle of law, either by overruling past precedent on which litigants relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. (2) Balance of the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation would further or retard its operation. (3) Weigh the inequity imposed by retroactive application, for, if a decision could produce substantial inequitable results if applied retroactively, there is ample basis for avoiding the injustice or hardship by a holding of non-retroactivity.' " *Federated Mut. Ins. Co. v. DeKalb County*, 176 Ga. App. 70, 72 (335 SE2d 873) (1985), aff'd 255 Ga. 522 (341 SE2d 3) (1986).

We can discern no basis for limiting the *Bellamy* decision to prospective application based on the foregoing considerations. No past precedent was overruled by the decision, and it should certainly come as no legitimate surprise to motorists utilizing the public roadways of this state that if they choose to participate with other motorists in the "unlawful joint enterprise" of driving their vehicles in tandem at high speeds or in a reckless manner, they may be held liable for injuries to innocent motorists proximately resulting from such conduct. By the same token, any inequity which might result from our giving the holding in *Bellamy* retroactive application quite obviously pales beside the inequity which might result to innocent motorists if we failed to do so. Thus, we have no hesitancy in concluding that the theory of liability announced in *Bellamy* is fully applicable to the present case.

That the evidence in the present case warranted a *Bellamy* charge is beyond question. It was established without dispute that McAdams and the two appellees were close friends; that, after meeting at their neighborhood swimming pool on the morning of the day the collision occurred, they had driven simultaneously but in their separate vehicles to a bar-restaurant called "The Fox's Den" to eat lunch and drink beer; and that, when the collision occurred, they were in the process of returning home in their separate vehicles. There was additional evidence from which the jury could have found that immediately prior to the collision the three men were driving in close formation at speeds in excess of 70 miles per hour. The jury would clearly have been authorized to conclude from this evidence that, even if the men were not "racing" as such, they were driving in tandem at excessive speeds and in a reckless manner. Accordingly, the trial court's failure to instruct the jury that the appellees could be held liable for any injuries suffered by the appellant as the proximate result of such activity must be deemed reversible error.

2. The appellant asserts that the trial court further erred in refusing to allow two lay witnesses and one expert witness to offer opinion testimony to the effect that the appellees and McAdams had in fact been "racing" immediately prior to the collision. However, we agree with the trial court that such testimony would have invaded the province of the jury with respect to one of the key issues being tried. From the observations made by these and other witnesses, the jurors were fully capable of drawing their own conclusions with respect to whether the appellees had been engaged in unlawful "racing" within the contemplation of OCGA § 40-6-186. "Where the jury are as competent as a witness to draw conclusions from facts testified, the opinion of a witness is inadmissible." *McGahee v. Phillips*, 211 Ga. 118, 120-121 (84 SE2d 19) (1954). Accord *Barnes v. Thomas*, 72 Ga. App. 827 (5), 835-837 (35 SE2d 364) (1945). This rule applies regardless of whether the witness is a lay person or an expert. See *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981); *Walker v. Bishop*, 169 Ga. App. 236, 240-241 (312 SE2d 349) (1983).

3. The appellant contends that the trial court improperly excluded testimony that one of the lay witnesses referred to in Division 2, supra, had exclaimed to her husband upon observing the three "sports cars" accelerating on Holly Springs Road shortly before the collision, "Oh, my God, they're racing." The appellant contends that this statement was admissible both as a "spontaneous declaration" and as evidence tending to rebut a comment which had been made by counsel for appellee Weber during his opening statement suggesting that the witness' husband might have fabricated portions of his testimony after being contacted by counsel for the appellant.

Pretermitting whether a prior statement made by one witness could ever be considered relevant to rebut a suggestion of recent fabrication on the part of another witness, we hold that the statement was properly excluded for the reason set forth in Division 2, supra, i.e., it improperly invaded the province of the jury with respect to a key issue in the case. A trial judge has the discretion to exclude even relevant evidence if he finds that its probative value is substantially outweighed by the risk that its admission will unduly prejudice or mislead the jury or confuse the issues being tried. *Metropolitan Property &c. Ins. Co. v. Shepherd*, 166 Ga. App. 300, 301 (304 SE2d 74) (1983); Agnor's Ga. Evidence § 10-2, p. 164.

4. During the course of the trial, an individual who worked as a secretary in the courthouse where the case was being tried came forth with the disclosure that, less than an hour before the collision, she had observed a red Corvette and a second vehicle, described by her only as a "sports car," traveling side by side on Holly Springs Road at a "very high rate of speed." The vehicles which she had seen had, however, been traveling in a northerly direction away from the acci-

dent scene. The appellant enumerates as error the trial court's exclusion of this witness' testimony for lack of relevance.

"Questions of relevancy of evidence, which includes the issue of materiality, are for the court, and in the absence of an abuse of judicial discretion, this court will not interfere." *MacNerland v. Johnson*, 137 Ga. App. 541, 542 (224 SE2d 431) (1976). In view of the witness' inability to provide any description whatever of the vehicle she had observed speeding alongside the red Corvette prior to the collision, and in view of the fact that McAdams could not, consistent with all of the other testimony in the case, have been driving the Corvette in a northerly direction *away from* the accident scene at the time the witness made her observations, we conclude that the trial court did not abuse its discretion in excluding this testimony. See *Metropolitan Property &c. Ins. Co. v. Shepherd*, 166 Ga. App. at 301, supra.

5. The appellant contends that she was improperly prevented by the trial court from utilizing a portion of appellee Foster's deposition testimony in cross-examining him. The deposition testimony in question purportedly conflicted with a statement Foster had given to the police on the day of the accident, the sole copy of which had somehow fallen into the possession of the appellant's counsel prior to the deposition. As sanction for the appellant's counsel's failure to produce the statement prior to Foster's deposition in response to a discovery request, the trial court had previously allowed Foster to purge the portion of his deposition testimony which is the subject of this enumeration of error.

At trial, Foster testified that he did not know how closely behind his vehicle McAdams was following just prior to the collision. In cross-examining Foster with respect to this testimony, appellant's counsel was permitted to read to the jury a portion of Foster's deposition in which he had testified that McAdams' vehicle was "immediately behind" him just prior to the collision. Excluded from the jury's consideration, however, was a portion of the deposition, in which Foster had indicated that by the terminology, "immediately behind," he meant two car lengths. As it would appear to this court that the deposition testimony which was brought to the jury's attention was at least as favorable to the appellant as the portion which was excluded, we conclude that the asserted error could not have resulted in substantial harm to the appellant and that it consequently establishes no independent ground for a new trial. See generally *Clements v. Toombs County Hosp. Auth.*, 175 Ga. App. 651, 653-654 (334 SE2d 188) (1985); *Estate of Sam Farkas v. Dougherty County School System*, 178 Ga. App. 135 (342 SE2d 501) (1986).

6. The appellant contends that the trial court placed improper limitations on her questioning of an expert whom she had called as a rebuttal witness. However, it does not appear that any offer of proof

was made with respect to the excluded testimony. Accordingly, this enumeration of error presents nothing for review. See generally *Griffin v. Henderson*, 117 Ga. 382 (2) (43 SE 712) (1903); *Shearson/American Express v. Hardy*, 171 Ga. App. 471, 474 (3) (320 SE2d 257) (1984).

7. The appellant contends that the trial court erred in allowing counsel for the two appellees to conduct separate cross-examinations of each other's witnesses. As a general proposition, "[t]his court will not interfere with the action of the trial judge in allowing 'double' or 'multiple' cross-examination of witnesses, particularly in a situation, such as here shown, involving more than two parties, absent a showing of a manifest abuse of discretion." *Gunnells v. Cotton States Mut. Ins. Co.*, 117 Ga. App. 123, 126 (159 SE2d 730) (1968). See also *Smith v. Poteet*, 127 Ga. App. 735 (195 SE2d 213) (1972). In the present case, counsel for the appellant has not specified how the court's action in allowing the witnesses called by one appellee to be cross-examined by counsel for the other might have resulted in any actual prejudice to his client. Rather, his concern seems to be that the rule articulated in *Gunnells v. Cotton States Mut. Ins. Co.*, supra, is subject to abuse in certain hypothetical circumstances which did not occur in the present case. Such concerns do not establish any manifest abuse of discretion on the part of the trial court in the present case.

8. Finally, the appellant contends that the trial court erred in failing to "control" certain allegedly improper conduct engaged in by counsel for appellee Weber during the course of the trial. Specifically, it is asserted that, by a series of related questions and comments, Weber's counsel improperly sought to convey to the jury the implication that because the appellant's now deceased father was formerly a senior partner in the firm which has represented her in the present action, her attorneys "fabricated witness testimony, stole property from the Cobb County Police Department, and otherwise engaged in scurrilous and underhanded tactics."

The "questions and comments" at issue consisted in their entirety of a comment made by Weber's attorney during his opening statement suggesting that the memories of two of the appellant's key witnesses had improved inordinately after those witnesses were contacted by the appellant's attorneys, combined with two comments made by Weber's attorney during the course of the trial, implying, evidently by tone of voice, that there was an impropriety associated with the manner in which the appellant's attorneys had "somehow" come into sole possession of the tapes and written transcripts of the statements which the appellees had given to the Cobb County police on the day of the accident.

Generally speaking, what has transpired in a case from its inception to its conclusion and the conduct of the party or his counsel with

respect thereto are the subject of legitimate comment. *Walker v. Bishop*, 169 Ga. App. at 241, supra. Assuming strictly for purposes of argument that there was any impropriety whatever associated with the comments at issue, it quite obviously did not rise to such a level as to impose a duty on the part of the trial court to take corrective action sua sponte, in the absence of an objection or request for such action. Since an examination of the transcript reveals that no such objections or requests for corrective action were made at the trial level, this enumeration of error is without merit. See *United States Shoe Corp. v. Jones*, 149 Ga. App. 595, 598 (6) (255 SE2d 73) (1979).

*Judgment reversed. Carley and Benham, JJ., concur.*

DECIDED DECEMBER 4, 1987 —
REHEARINGS DENIED JANUARY 4, 1988 — 

*Robert E. Shields, Alan R. Perry, Jr.*, for appellant.

*Thomas D. Harper, John F. Daugherty, Robert J. McCune*, for appellees.