A89A1696. CARCO SUPPLY COMPANY v. DICK CLEM, MASTER PLUMBER, INC.
(391 SE2d 134)

BIRDSONG, Judge.

Carco Supply Company, Inc. ("Carco"), a plumbing supply house, and Dick Clem, Master Plumber ("Clem"), a plumbing contractor, orally agreed to secure a contract to install plumbing in a motel to be constructed. After their relationship ended in dispute, Clem sued Carco for breach of contract, fraud, and attorney fees.

Clem alleged Carco breached the oral contract by not making payments owed him, charging him higher prices for materials than they agreed, making him pay for supplies not included in the contract, and making him perform work not included in the contract. Clem's fraud claim alleged their agreement was for a joint venture in which they would share in the profits, and not the usual contractor and subcontractor relationship. Clem asserted Carco secretly submitted a bid to the general contractor which was almost $100,000 higher than they agreed and Carco fraudulently retained the difference. Clem also asserted Carco fraudulently overcharged for materials and fraudulently misrepresented the terms of the contract with the general contractor.

Carco answered, denied liability, and counterclaimed for amounts owed on Clem's accounts, punitive damages, and attorney fees. The jury returned a verdict for Clem for general damages, punitive damages, and attorney fees; and for Carco on its counterclaim for general damages. The trial judge's judgment offset the counterclaim, and awarded Clem $89,000. After a new trial motion was denied, Carco appealed. *Held*:

1. Carco's first enumeration of error asserts the verdict is contrary to the evidence and principles of justice and equity. This enumeration is not supported by argument, reference to the transcript, or citation of authority, and is deemed abandoned. Court of Appeals Rule 15 (c) (2). *Bicknell v. Joyce Sportswear Co.*, 173 Ga. App. 897, 898 (328 SE2d 564).

2. The second enumeration of error alleges the trial court erred by allowing Clem to state his "impression" of what their bid was to be, because OCGA § 24-9-65 prohibits such opinion testimony. The

transcript shows Clem was not asked to give his opinion but was asked for his impression, i.e., his understanding, of what the bid was to be based upon their oral agreement. This evidence was properly admitted to explain Clem's future conduct and show his understanding. *Carter v. Ray*, 70 Ga. App. 419, 426-427 (28 SE2d 361).

3. Carco's third and fifth enumerations of error contend the trial court erred by allowing testimony about and admitting in evidence Carco's contract with the general contractor because it was not relevant. The contract and its terms were clearly relevant. Further, such issues are for the trial court (*Kilpatrick v. Foster*, 185 Ga. App. 453, 457 (364 SE2d 588)) and we will not interfere unless the trial court has abused its discretion (*Palmer v. State*, 186 Ga. App. 892, 898-899 (369 SE2d 38)). We find no abuse here.

4. Carco's fourth and sixth enumerations assert the trial court erred by admitting in evidence summaries of the damages Clem allegedly suffered. The transcript shows that Carco also introduced similar exhibits, and both parties were on equal footing. If admitting these exhibits was error, there was no prejudice since the jury had exhibits showing the claims of both parties. The error, if any, was harmless. See generally *Bellamy v. Edwards*, 181 Ga. App. 887, 890 (354 SE2d 434); *Foster v. Morrison*, 177 Ga. App. 250, 251-252 (339 SE2d 307).

5. The seventh and eighth enumerations allege the trial court erred by allowing Carco's agent to be cross-examined contrary to OCGA § 24-9-62. The witness' rights under § 24-9-62 must be balanced with Clem's right under § 24-9-64 to a thorough and sifting cross-examination. *Crawford v. State*, 144 Ga. App. 622, 625 (241 SE2d 492). This is within the trial judge's discretion and it will not be curtailed unless clearly abused. *Thomas v. Clark*, 188 Ga. App. 606, 608 (373 SE2d 668). As no abuse of discretion is shown, these enumerations are without merit.

6. The ninth and tenth enumerations assert there was insufficient evidence to award punitive damages and attorney fees. If there is any evidence sustaining the verdict, we cannot disturb it. *McLarty v. Kushner*, 173 Ga. App. 432 (326 SE2d 777). Punitive damages are authorized when the evidence proves fraud was committed (*Joseph v. Bray*, 182 Ga. App. 131, 133 (354 SE2d 878)), and in such actions attorney fees may be recovered under OCGA § 13-6-11. *F. N. Roberts Pest Control Co. v. McDonald*, 132 Ga. App. 257, 260 (208 SE2d 13); *McMichen v. Martin Burks Chevrolet*, 128 Ga. App. 482, 484 (197 SE2d 395). The evidence is sufficient to support the verdict.

Carco's arguments also raise issues not included within the enumerations of error. " 'An enumeration of error cannot be enlarged to include other issues not made therein.' " *Hurston v. Ga. Farm &c. Ins. Co.*, 148 Ga. App. 324, 326 (250 SE2d 886). Further, our review "cannot be enlarged or transformed through a process of switching,

shifting, and 'mending your hold.' " *Redwing Carriers v. Knight*, 143 Ga. App. 668, 674 (239 SE2d 686). Therefore, we cannot consider these other issues. *Sanders v. Hughes*, 183 Ga. App. 601, 604 (359 SE2d 396).

7. Clem's motion for sanctions against Carco under OCGA § 5-6-6 for pursuing a frivolous appeal is denied. The record on appeal does not establish the appeal was filed for purposes of delay only.

*Judgment affirmed. Deen, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 20, 1990.

*Johnson, Beckham & Price, William P. Johnson*, for appellant.

*Tisinger, Tisinger, Vance & Greer, Paul E. Weathington*, for appellee.