A96A0878. DANFAIR PROPERTIES, INC. et al. v. BOWEN.
(474 SE2d 295)

Judge Harold R. Banke.

Andrew Bowen sued his former employer, Danfair Properties, Inc. ("Danfair"), and its president, Reginald Daniel, for $59,961.28 in commissions Bowen allegedly earned during the three years he assisted Danfair in developing properties funded by the Farmers Home Administration ("FHA"). Danfair and Daniel appeal a jury verdict for Bowen.

Bowen alleged that he was hired with the oral understanding that he would receive a salary, mileage, a percentage of the real estate commissions, and a $350 bonus on each home the FHA actually funded. Daniel paid only $3,500 of the total amount allegedly owed as bonuses, claiming they were payable only if the project was profitable. After Bowen complained to Daniel about being paid less than they had agreed to, Daniel reduced his version of the agreement to writing. Under Daniel's version, Bowen was to receive a bonus of $350 per unit on three named complexes but only $250 on any other complexes. This response convinced Bowen that Daniel was never going to pay him the full amount. Bowen then resigned and brought this action. *Held*:

The trial court correctly denied Daniel and Danfair's motion for directed verdict. A directed verdict is proper only if there are no conflicts in the evidence on any material issue and the evidence demands a particular verdict. OCGA § 9-11-50 (a); *Vickery Ins. Agency v. Chambers*, 215 Ga. App. 48, 50 (449 SE2d 885) (1994). If any evidence, viewed in the light most favorable to the victor, supported the jury's verdict, denial of the motion was not error. *Profes-*

*sional Consulting &c. v. Ibrahim,* 206 Ga. App. 663, 665 (1) (426 SE2d 376) (1992).

Here, Bowen testified that Daniel agreed to pay him $350 per apartment unit constructed. Bowen offered as proof a note Daniel wrote to him which stated that Bowen was owed a $350 per unit bonus on two specified sites which totaled $21,300 to be paid when Daniel received his share of the "syndication proceeds." Daniel admitted he paid only $3,500 of this amount, maintaining that he never received the syndication proceeds. Daniel testified that Bowen had performed the work required under the contract. In light of this evidence, a directed verdict was inappropriate.[1] The fact that Daniel contested whether there was a meeting of the minds on the terms of the bonus required that the issue be presented to the jury. *Nations v. Winter,* 165 Ga. App. 890, 891 (1) (303 SE2d 64) (1983).

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED AUGUST 6, 1996.

*Ellis, Easterlin, Peagler, Gatewood, Harper & Skipper, John V. Harper,* for appellants.

*Vansant, Corriere, McClure & Dasher, Alfred N. Corriere,* for appellee.

---

[1] Although Daniel enumerated three errors, he limited his argument and citation of authority to whether Bowen presented evidence of an enforceable contract sufficient to preclude a directed verdict. Our disposition of this issue renders moot Daniel's challenge to the denial of his motion for new trial. *Central Nat. Ins. &c. v. Dixon,* 188 Ga. App. 680, 681 (373 SE2d 849) (1988). Inasmuch as our function is to review the sufficiency rather than the weight of the evidence, Daniel's third enumeration lacks merit. *Haynes v. McCambry,* 203 Ga. App. 464, 465 (1) (416 SE2d 893) (1992).