## A01A2216. HALL v. BRUNO'S, INC.
(560 SE2d 326)

POPE, Presiding Judge.

James Hall slipped and fell while shopping at Bruno's, Inc. d/b/a Foodmax and was injured. He brought suit and now appeals from entry of summary judgment against him.

Hall testified that he was shopping in the produce department at 5:00 or 6:00 p.m. on a Sunday afternoon accompanied by his fiancée, Dorothy Delgaudio. There were no employees in the area at the time. After about ten minutes in that department, and just after examining some tomatoes, Hall turned and walked toward Delgaudio, looking at her as he did. He was exercising caution at the time. Nevertheless, he slipped and fell backward striking his head and body on the floor. After he fell, he saw that he had slipped on grapes that looked old and dirty. Delgaudio heard and saw the fall. She saw the grapes after the fall and explained that they were old looking and dark and discolored. As he lay on the floor waiting for the ambulance to arrive, Hall heard a female employee named Isabel say several times, "Sunday is the only day we don't have anybody to work in the produce department. Kids drop things on the floor all the time when they grab at something to eat." Delgaudio remembers Isabel saying essentially the same thing. She also saw Isabel pick up the grapes and put them in a plastic bag. Another customer was in the area at the time of the fall.

Isabel Cowart was an office clerk/cashier at Foodmax on the day of the accident; she was responsible for customer service, handling money and providing assistance at cash registers as needed. She testified that while in the store office, she learned that someone needed help. She went to the produce department and saw Hall on the floor. She had not seen anyone cleaning up prior to the fall that day, but she claimed that an employee named Willie Goolsby had been there for that purpose. When asked whether she knew if there were any written inspection procedures for the store, she said no, except that she was aware of a procedure for the baking area of the store. She was also not aware of any written record of inspections for the produce area for that day. She prepared the store incident report.

An office manager named Katrina Meredith was the only manager on duty that day. Her title was Assistant Front End Manager. When asked whether the store had a written policy concerning inspection procedures for the produce department at the time, she said, "We have a thing where you're supposed to walk the store once an hour to check for spills or things on the floor." This was the manager's responsibility. She did not know of any policy regarding the produce department specifically. No written record was prepared each time a particular area of the store was inspected. And, she had

not personally cleaned the area within 30 minutes prior to the fall.

Goolsby submitted an affidavit in which he stated that he was the produce clerk at the time of the accident. He stated that

> Foodmax routinely inspects its store floors to ensure that they are clean and dry and free of any debris. This cleaning and inspection process was in place and being implemented on [the day of the fall]. I had personally cleaned, swept and inspected the produce area of the store including the aisle where the grape bin was located, approximately five to six minutes prior to the time Mr. Hall reportedly fell. At the time of my inspection, I left the floor clean and dry and free of any debris.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Moreover, our Supreme Court has urged that "the 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and that summary judgment is granted only when the evidence is plain, palpable, and undisputed." *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (2) (b) (493 SE2d 403) (1997).

"[I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson*, 268 Ga. at 748-749 (2) (b). "[C]onstructive knowledge may be inferred when there is evidence that . . . the owner lacked a reasonable inspection procedure. [Cit.]" *Hartley v. Macon Bacon Tune*, 234 Ga. App. 815, 818 (507 SE2d 259) (1998).

Here, there is some evidence that Foodmax lacked a reasonable inspection procedure. Cowart testified that she was unaware of any written inspection procedure for the store or of any written record of actual inspections for that day. The assistant manager testified that the only inspection procedure provided that a manager was supposed to walk the store once an hour. But there is no testimony that a manager followed this procedure on the day of the accident, and there is no written record prepared each time the store is inspected. The alleged inspection procedure to which Goolsby testified only provides that Foodmax "routinely" inspected the floors. Once a week is a rou-

tine but would clearly be insufficient under the circumstances.

Although former produce clerk Goolsby claimed to have inspected, cleaned and swept the floor of the produce department within five or six minutes before the fall, his testimony is contradicted by Hall's testimony that he had been shopping in the produce department for about ten minutes before the fall and that no employees were around, and by the physical evidence — the grapes were old and dirty looking — raising the inference that they had been on the floor a long time. Also, although Goolsby (the produce clerk) and Cowart testified that Goolsby was at work on that day, the statements of Cowart offered by Hall and Delgaudio that on Sundays there was no one working in the produce department create a conflict on this point. Further, the alleged business record purporting to show that Goolsby worked that day is unauthenticated, unexplained and does not clearly show what Foodmax contends. The jury must assess the credibility of all parties to this appeal and resolve the issues of fact.

In order to prevail at summary judgment based on a lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that it was actually carried out at the time of the incident. *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29, 30 (500 SE2d 353) (1998). Construed in favor of Hall, the evidence and reasonable inferences show that there was no adequate inspection procedure in place on that Sunday or that the procedure was not followed. This evidence is sufficient under *Robinson v. Kroger Co.* to create a jury issue. See *Ingles Markets v. Martin*, 236 Ga. App. 810, 811-813 (513 SE2d 536) (1999).

*Judgment reversed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED FEBRUARY 14, 2002.

*J. O'Quinn Lindsey*, for appellant.
*Martin, Snow, Grant & Napier, Lisa M. Edwards*, for appellee.

