## A02A1090. DIX v. KROGER COMPANY.
(570 SE2d 89)

BLACKBURN, Chief Judge.

In this slip and fall action, Willie Mae Dix appeals the trial court's grant of summary judgment to the Kroger Company, contending that the trial court erred in finding no genuine issue of material fact as to whether Kroger had constructive knowledge of a grape on the floor. For the reasons discussed below, we reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

Viewing the evidence in this light, the record shows that, on Sunday, July 12, 1998, Dix went into a Kroger store to purchase groceries. She walked through the produce department without making any selections and continued her shopping throughout the store. After completing the rest of her shopping, she returned to the produce department where she slipped and fell on a grape. As a result of her fall, she sustained serious injuries.

After her fall, Dix observed the remnants of a grape stuck to the side of her shoe. Dix testified that she did not know how long the grape had been on the floor before her fall. She also testified that she did not see any employees in the produce department at the time of her fall. She was accustomed to seeing employees cleaning the area on other occasions.

Lisa Knight, the manager on duty, testified that from her vantage point at the customer care counter, some 20-25 feet away, she saw the plaintiff fall. The fall occurred less than five minutes after a

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Kroger employee had purportedly walked the floor and inspected the premises. Knight and two other employees at the customer care counter had an unobstructed view of the area where the fall occurred. Knight testified that she was unsure whether she would have been able to see a grape on the floor, but that it was possible. Knight identified muscadine grapes on the floor near where Dix fell from photographs of the area, taken immediately after the incident. Knight was unsure of when or whether the maintenance clerk performed sweeping duties, and the store did not keep sweep cards. We have held recently that the adequacy of inspection and cleaning procedures is a jury question. *Hall v. Bruno's, Inc.*[2] See also *Burnett v. Ingles Markets.*[3]

OCGA § 51-3-1 provides that where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

In *Robinson v. Kroger Co.*,[4] our Supreme Court examined the history of Georgia "slip and fall" case law. It noted that following the 1980 decision in *Alterman Foods v. Ligon*,[5] summary adjudications in "slip and fall" cases increased sharply. The *Robinson* court pointed out that "by routinely adjudicating as a matter of law questions of the plaintiff's and defendant's negligence, proximate cause, and the exercise of ordinary care, these decisions have made commonplace what is, in reality, an unusual circumstance in tort law." *Robinson*, supra at 739. The Court stated that "routine" issues of premises liability "are generally not susceptible of summary adjudication, and that summary judgment is granted only when the evidence is plain, palpable, and undisputed." Id. at 748.

To establish the defendant's negligence, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the dangerous condition and (2) that the plaintiff lacked knowledge of the dangerous condition despite the exercise of ordinary care or was prevented from discovering it by the defendant. *Robinson*, supra.

Dix contends that there is a genuine issue of material fact as to whether Kroger had constructive knowledge of the dangerous condition in its store. Constructive knowledge may be established by evidence that: (1) an employee of Kroger was in the immediate vicinity and easily could have seen and removed the hazard or (2) the substance had been on the floor long enough that (a) it would have been

---

[2] *Hall v. Bruno's, Inc.*, 253 Ga. App. 739 (560 SE2d 326) (2002).

[3] *Burnett v. Ingles Markets*, 236 Ga. App. 865 (514 SE2d 65) (1999).

[4] *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997).

[5] *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).

discovered if Kroger had exercised reasonable care in inspecting its premises and (b) it would have been removed if Kroger had exercised reasonable care in inspecting and cleaning its premises. See, e.g., *Matthews v. The Varsity*;[6] *Lovins v. Kroger Co.*[7]

In *McConnell v. Smith &c. Mgmt. Corp.*,[8] we held that two employees, who were in the immediate vicinity and who were preoccupied cashiering and bagging, were physically capable of seeing the loose grape *"had they looked."* Id. We distinguished these facts from *Coffey v. Wal-Mart Stores*[9] (where the defendant's employee did not have a reasonable opportunity to discover the clear, colorless substance) and *Mitchell v. Food Giant*[10] (where the site of the plaintiff's fall "was separated from the line of sight of the store employees by an aisle divider").

Here, Knight has testified that she had an unobstructed view of the spot where Dix fell 20-25 feet away, and that two other employees had the same viewpoints. She testified that in the five-minute interval between the time of a store inspection and the incident, she noticed customers eating fruit near the front of the store. In view of her testimony of her observation of some customers eating fruit, her admission that she could have seen the muscadine, and her vantage point and proximity along with two other employees, a jury could conclude that Kroger had constructive knowledge of a dangerous condition. This is especially true given the fact that this incident occurred in the produce department where the majority of such incidents occur. The jury would also be free to consider whether or not Kroger was negligent in conducting its inspection and to determine the credibility of the witnesses.

As to the second prong of proof of constructive knowledge, we have held that an adequate inspection shortly before an incident may be sufficient to support a summary adjudication as a matter of law where there is no evidence of employees in the vicinity of the fall or other evidence creating a fact issue. See, e.g., *Coffey*, supra; *Lee v. Food Lion*;[11] *Roberson v. Winn-Dixie Atlanta*.[12] Here, the manager and two other employees were in the immediate vicinity and could easily have removed the hazard had they seen it. This creates an issue of material fact which must be resolved by a jury. *McCullough v. Kroger Co.*[13]

---

[6] *Matthews v. The Varsity*, 248 Ga. App. 512, 513 (546 SE2d 878) (2001).
[7] *Lovins v. Kroger Co.*, 236 Ga. App. 585, 586 (512 SE2d 2) (1999).
[8] *McConnell v. Smith &c. Mgmt. Corp.*, 233 Ga. App. 447, 448 (1) (504 SE2d 526) (1998).
[9] *Coffey v. Wal-Mart Stores*, 224 Ga. App. 824, 828 (2) (482 SE2d 720) (1997).
[10] *Mitchell v. Food Giant*, 176 Ga. App. 705 (337 SE2d 353) (1985).
[11] *Lee v. Food Lion*, 243 Ga. App. 819, 822 (534 SE2d 507) (2000).
[12] *Roberson v. Winn-Dixie Atlanta*, 247 Ga. App. 825, 826 (544 SE2d 494) (2001).
[13] *McCullough v. Kroger Co.*, 231 Ga. App. 453, 454 (498 SE2d 594) (1998).

The trial court erred in granting Kroger's motion for summary judgment.

*Judgment reversed. Johnson, P. J., and Miller, J., concur.*

DECIDED AUGUST 9, 2002 —

*John C. Tyler*, for appellant.
*Carlock, Copeland, Semler & Stair, Douglas A. Wilde, Ryan B. Wilhelm*, for appellee.