## A02A1787. BAXTER v. WAKEFIELD.
(577 SE2d 804)

MIKELL, Judge.

Virginia Baxter appeals from the judgment entered on the jury's verdict in favor of the defendants, Larry T. Wakefield and his 16-year-old stepson, John Paul Cardin, in this personal injury action arising from an automobile collision.[1] Because the trial court erred in refusing to give a requested jury instruction on the theory of joint enterprise, we reverse.

The evidence, viewed in the light most favorable to the jury's verdict, shows that Cardin worked with his friend and neighbor, Jonathan Rutledge, at the Krispy Kreme Doughnut store on Highway 78 in Gwinnett County. They left work on January 1, 1998, at 6:00 p.m., planning to go to Rutledge's home and then to the mall. Driving their separate vehicles, Cardin proceeded first, and Rutledge followed. The boys sped 60 mph down Annistown Road, well in excess of the posted 45-mph speed limit, maintaining a distance of 20 to 30 feet from each other.

Cardin testified that he did not slow down as he neared the road's intersection with Zoar Church Road, even though he knew that the intersection was obscured by a rise in the road. As Cardin crested the hill, he saw a vehicle stopped on Annistown Road, waiting to turn left onto Zoar Church Road. Cardin started to apply his

---

[1] Wakefield, who owned the vehicle driven by Cardin, was sued under the family purpose doctrine.

brakes but realized that he would be unable to stop in time to avoid hitting the car, so he veered to the right and stopped in the grass.

Meanwhile, Rutledge testified that when he saw Cardin's brake lights, he veered to the left in an attempt to avoid hitting either Cardin's vehicle or the car stopped in the road. Rutledge crossed the double yellow centerline and collided head-on with Baxter's vehicle, which was coming from the opposite direction.

Baxter sustained serious injuries in the collision. She settled her claim against Rutledge before trial. The court ruled that no evidence concerning the settlement would be admissible at trial, but that the amount of the settlement would be set off from the verdict, if any. The case proceeded against Cardin and his stepfather.

Baxter's theory of the case was derived from *Bellamy v. Edwards*[2] and *Kilpatrick v. Foster*,[3] in which we held that a person driving a vehicle recklessly and in tandem with another vehicle could be held liable for a resulting collision under a joint enterprise theory, even if his car was not directly involved in the collision. The defendants in *Bellamy* were driving 80 mph, following each other closely, when they ran a stop sign. The lead driver cleared the intersection, but the second car collided with the plaintiffs' vehicle.[4] In affirming the verdict against the lead driver, we explained the basis for imposing liability under a joint enterprise theory as follows:

> [T]wo or more persons engaged in a common enterprise are jointly liable for wrongful acts done in connection with the enterprise, at least where the enterprise is an unlawful one, in which case all are answerable for any injury done by any one of them. . . . [W]here two persons are jointly engaged in an unlawful enterprise, and each performs a wrongful act in pursuit of such purpose, one of which acts causes an injury, the parties may be held jointly and severally liable. . . .[5]

We ruled that the evidence would authorize a finding that the lead driver encouraged the second defendant to drive recklessly, such that the lead driver could be held liable for the negligence of the defendant who collided with the plaintiffs:

> [W]hen there is an understanding to reach a common destination and in doing so illegal speed is used and the cars are driven so closely together as to be practically in tandem, or

---

[2] 181 Ga. App. 887 (354 SE2d 434) (1987).
[3] 185 Ga. App. 453 (364 SE2d 588) (1987).
[4] *Bellamy*, supra.
[5] (Citation and punctuation omitted.) Id. at 888 (1).

to constitute a unit, . . . we have a situation of mutual stimulation where the negligence of each participant is so related to the negligence of the other participants that the participants should each be chargeable with the causal negligence of the other as to speed. . . .[6]

1. In the instant case, Baxter's requested jury instruction nos. 2 and 3 repeated the above-cited passages from *Bellamy* verbatim. The trial court refused to give them, reasoning that the concepts expressed therein were adequately covered by the pattern charge on joint proximate causation and concurrent negligence. In addition, the court found that there was no evidence that Rutledge and Cardin were driving in tandem.

Contrary to the trial court's conclusion, we find that the evidence would have supported a finding that Rutledge and Cardin were driving in tandem or were engaged in joint activity. "Tandem" is defined as "a group of two or more arranged or following one behind the other."[7] The evidence, which showed that the men were following each other, speeding, and had agreed to reach a common destination, warranted requested instruction nos. 2 and 3. "Where a request to charge deals in a direct way with a material issue of the case, and a timely written request is made, the party has a right to the benefit of the charge as requested, and the refusal of such request is error."[8] Moreover, the trial court's refusal to give a *Bellamy* charge was harmful error because it deprived Baxter of her theory of the case as raised by the evidence.[9] A new trial is required.

2. Baxter additionally enumerates as error the trial court's refusal to give her requested instruction nos. 4 and 28. For purposes of retrial, these contentions must be addressed. Our analysis is governed by the rule that

a charge must be adjusted to the pleadings and evidence; it must not be argumentative or seek an expression of opinion on the part of the court; and it must not be so phrased so as to have the tendency to confuse and mislead the jury or to becloud the issues in the case.[10]

Request no. 4 began with this statement: "In determining whether

---

[6] (Citation omitted.) Id.

[7] Webster's Third New International Dictionary (1976), p. 2336.

[8] (Citations omitted.) *Alexander v. Holmes*, 85 Ga. App. 124, 128 (5) (68 SE2d 242) (1951).

[9] *Kilpatrick*, supra at 455 (1) (refusal to give a *Bellamy* charge held reversible error).

[10] (Citation and punctuation omitted.) *McDonald v. Dept. of Transp.*, 247 Ga. App. 763, 764 (1) (544 SE2d 747) (2001).

the Defendant and the driver of the other vehicle were engaged in an unlawful act it is not necessary for you to find that they were 'racing.'" This statement is derived from *Kilpatrick*,[11] where we held that the trial court had erroneously limited its jury charges on liability for unlawful joint activity to instances of racing. Such a charge is inapplicable in the instant case and likely would confuse the jury upon retrial.

In request no. 28, Baxter sought to inform the jury that the verdict would not result in a double recovery if it fully compensated her for her injuries. Request no. 28 relied on *Allison v. Patel*,[12] a case in which the trial court had admitted evidence of the fact and amount of the plaintiff's settlement with certain tortfeasors, leaving the jury to speculate as to the reason for the absence of those defendants, whose names remained on the pleadings.[13] In this case, by contrast, the trial court properly excluded evidence of Baxter's settlement with Rutledge, and his name did not appear on the pleadings. Therefore, the requested charge was not required.

Moreover, the trial court adequately covered this principle. First, the court charged the jury that "[w]here two concurrent acts of negligence operated together in bringing about an injury, the person injured may recover compensation for the entire loss from either or both of the persons responsible." The court then stated that "it is not necessary for you to determine whether the defendant or a third person was more at fault because the plaintiff would be entitled to recover against either for full damages."

> It is axiomatic that a jury charge need not be given in the exact language requested if the charge as given clearly covers the circumstances of the case. All that is necessary, provided the requested charge accurately states the relevant principles of law, is that these principles be fairly given to the jury in the general charge.[14]

The trial court did not err in refusing to charge request no. 28.

*Judgment reversed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JANUARY 16, 2003 —
RECONSIDERATION DENIED FEBRUARY 6, 2003 — 

---

[11] Supra at 454 (1).

[12] 211 Ga. App. 376, 383 (2) (438 SE2d 920) (1993).

[13] Id. at 380-381.

[14] (Citation omitted.) *Little Rapids Corp. v. McCamy*, 218 Ga. App. 111, 116 (3) (460 SE2d 800) (1995).

*Freisem, Macon, Swann & Malone, C. Cyrus Malone III*, for appellant.
*Charis L. Johnson*, for appellee.