## A11A2238. BRADLEY v. WINN-DIXIE STORES, INC.

### (724 SE2d 855)

BLACKWELL, Judge.

Susan Bradley sued Winn-Dixie Stores, Inc. for injuries that she sustained when she slipped and fell in one of its grocery stores. To prove that Winn-Dixie had constructive knowledge of the hazard on which she slipped, Bradley pointed to her own testimony that a Winn-Dixie employee was in the immediate vicinity of the hazard at the time of her fall. The court below found, however, that Bradley had given contradictory testimony about this employee, and applying the rule set out in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986), the court viewed this testimony in a light unfavorable to Bradley. So viewed, the court concluded that Bradley was without evidence to prove constructive knowledge, and it awarded summary judgment to Winn-Dixie. Bradley appeals, and we reverse the judgment below.

Viewed in the light most favorable to Bradley,[1] the record shows that on the afternoon of February 17, 2008, Bradley shopped at a Winn-Dixie store in Glynn County. As she walked along the rear aisle of the store, she stepped into a puddle of liquid,[2] which covered a large area of the floor.[3] When she tried to step out of the puddle, she slipped and fell, injuring her lower back, and perhaps her neck and head, as a result. Bradley remained on the floor for a few moments, and when no one came to assist her, she stood up herself and approached a nearby Winn-Dixie employee.

At the time of her fall, according to Bradley, this Winn-Dixie employee was "right there," only a few feet from the area in which Bradley fell.[4] The employee was stocking a cooler, facing Bradley, and standing in a place from which the employee could have seen Bradley fall.[5] The employee, however, apparently did not acknowledge Bradley or come to her aid when she fell. So, after Bradley stood up herself, she immediately went to the employee and reported that she

---

[1] On summary judgment, the evidence generally is to be viewed in the light most favorable to the nonmoving party, see *Strength v. Lovett*, 311 Ga. App. 35, 36 (714 SE2d 723) (2011), and as we explain later, that is exactly how the evidence in this case ought to be viewed.

[2] The liquid later was identified as wine, although it apparently never was determined how the wine had spilled onto the floor.

[3] According to Bradley, the puddle covered an area approximately three feet by six feet.

[4] In its order awarding summary judgment to Winn-Dixie, the court below explained that Bradley had testified at her deposition that the employee was only "a foot or two" from Bradley at the time of the fall. That is not, however, exactly what Bradley said. At her deposition, Bradley testified that the employee was "a foot or two" from "the area where [she] fell," but she did not explain exactly what she meant by "the area where [she] fell."

[5] When asked at her deposition whether the employee was in a position to see her fall, Bradley responded: "I don't know . . . how she wouldn't have seen me or how she couldn't help but see me. . . . Because she was right there."

had slipped and fallen in the puddle on the floor. In response, Bradley said, the employee began "freaking" and exclaimed: "[O]h Lordy, oh Lordy, oh Lordy!" The employee then went behind a nearby meat counter, telephoned the store manager, and reported that "a woman back here fell." The store manager spoke with Bradley and asked if she needed medical assistance. Bradley replied that she did, but she had to go and pick up her granddaughter. Bradley then left the store, and she later sought treatment at a local medical clinic. Bradley subsequently sued Winn-Dixie, alleging that it negligently failed to keep its premises safe for shoppers.

A storekeeper owes a duty of ordinary care to keep the premises of his store safe for shoppers, *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (1) (493 SE2d 403) (1997), and if the storekeeper has constructive knowledge of a foreign substance on his floor, he may be liable to a shopper who slips upon it and falls.[6] *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327) (1980). Constructive knowledge can be proved by, among other things,[7] evidence that a store employee "was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard." Id. Following discovery in this case, Winn-Dixie moved for summary judgment, contending that Bradley was without evidence to prove its constructive knowledge of the hazard upon which she slipped. In response, Bradley pointed to her testimony about the store employee in the vicinity of the area in which she fell. The court below found, however, that this testimony was contradictory and should be construed against her. So construed, the court concluded, no proof of constructive knowledge appeared in the record. For this reason, the court below awarded summary judgment to Winn-Dixie.

Generally speaking, in an appeal from the award of summary judgment, we view the evidence in the light most favorable to the party opposing summary judgment. *Strength*, 311 Ga. App. at 36. But as our Supreme Court explained in *Prophecy*, when a party has given contradictory testimony, and when that party relies exclusively on that testimony in opposition to summary judgment, a court must "construe the contradictory testimony against him."[8] 256 Ga. at 28 (1). In such a case, the court must disregard "the favorable portions of the contradictory testimony" and then decide whether the re-

---

[6] A storekeeper also may be liable if he has actual knowledge of the substance, *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327) (1980), but no evidence of actual knowledge appears in this case.

[7] Constructive knowledge also can be shown by proof "that the foreign substance was on the floor for a length of time sufficient for knowledge of it to be imputed to the defendant." *Alterman Foods*, 246 Ga. at 623.

[8] Contradictory testimony is not to be construed against a party if he offers a reasonable explanation for the contradiction. *Prophecy*, 256 Ga. at 30 (2).

maining evidence is sufficient to get by summary judgment. Id. For purposes of the *Prophecy* rule, testimony is contradictory "if one part of the testimony asserts or expresses the opposite of another part of the testimony." Id. at 30 (2). The court below found two contradictions in Bradley's testimony, but we conclude that neither is a proper basis for applying the *Prophecy* rule.

First, the court found a contradiction in Bradley's account of the orientation of the employee, noting that Bradley first testified that the employee was "facing" her when she fell, but she later testified that the employee was "facing the side" of her. We do not understand how this amounts to a contradiction. Bradley explained that she was walking past the employee and that the employee was standing at a cooler. When one person is at a fixed location, and a second person passes by the front of the first, walking along a line perpendicular to the line of sight of the first, it is equally fair to say that the first is "facing" the second and that the first is "facing the side" of the second. The testimony about the orientation of the employee is not contradictory.

Second, the court below found a contradiction in the testimony that the employee was in a place from which she could have seen Bradley fall, did not appear to react at all to the fall, but reacted excitedly when Bradley reported it. The court explained its finding of a contradiction in this way:

> The Court finds that [Bradley]'s deposition testimony must be construed as an admission [that] the employee of [Winn-Dixie] was not in a position to see the hazard on the floor. If the employee had been in such a position, she would have seen [Bradley] fall and remain on the floor for a minute or two. She therefore would not have been shocked into near hysteria when the fall was reported to her. The employee's response to being told about the fall, a prompt report of it to a manager and the above-described emotional reaction, is so at odds with her alleged failure to react in any manner when [Bradley] allegedly fell within a couple of feet of her and remained on the floor for some period that a rational trier of fact could not conclude that the employee was in a position to see the condition of the floor where [Bradley] fell.

Although it seems unlikely that everything happened just as Bradley described, we are not convinced that it is absolutely impossible. And because it is not absolutely impossible, we cannot say that "one part of the testimony asserts or expresses the opposite of another part of the testimony." See *Prophecy*, 256 Ga. at 30 (2).

People sometimes do odd things, and they sometimes react, or

fail to react, in strange ways that are not easily explained or understood. Perhaps the employee in this case was so focused on her task of stocking the cooler that she just did not notice Bradley fall a few feet away. Maybe the employee saw Bradley fall, but just did not care enough to react visibly until Bradley complained about it, at which time the fall became a problem with which the employee now had to deal. Perhaps when Bradley mentioned the puddle, the employee suddenly remembered having seen it before and realized that it had been her responsibility to clean it up. Or maybe Bradley just recalled incorrectly or fabricated entirely her account of an employee in the vicinity of her fall. But whether the account is credible, and if so, why the employee might have acted so unusually, are precisely the sorts of questions that a judge ought not attempt to answer as a matter of law. Like other questions of credibility and fact, they are questions for a jury. See, e.g., *Alston & Bird, LLP v. Mellon Ventures II, L.P.*, 307 Ga. App. 640, 643 (2) (706 SE2d 652) (2010) (intent and expectations of an individual are "uniquely among those issues of material fact which are not appropriate for summary judgment"); *Peach Blossom Dev. Co. v. Lowe Elec. Supply Co.*, 300 Ga. App. 268, 271 (684 SE2d 398) (2009) (on a motion for summary judgment, "testimony must speak for itself" and it is inappropriate for the court to weigh that testimony or determine its credibility) (citation and punctuation omitted).

Because no contradiction appears in the deposition testimony offered by Bradley in opposition to summary judgment, it was error for the court below to apply the *Prophecy* rule and view that testimony in any light other than the most favorable to Bradley. When viewed in the light most favorable to Bradley, her testimony is sufficient proof of constructive knowledge to get her past summary judgment. See, e.g., *Somers v. M.A.U., Inc.*, 289 Ga. App. 731, 733 (658 SE2d 242) (2008) (reversing summary judgment for defendant where evidence showed that several employees of restaurant were within seven feet of area in which accident occurred); *Dix v. Kroger Co.*, 257 Ga. App. 19, 20 (570 SE2d 89) (2002) (defendant not entitled to summary judgment where evidence showed that several store employees had unobstructed view of area in which fall occurred and were about 20 or 25 feet away); *Deal v. Children's World Learning Centers*, 235 Ga. App. 236, 238 (2) (b) (509 SE2d 134) (1998) (reversing summary judgment for defendant where evidence showed that employee was facing puddle in which plaintiff fell and was only three feet away). Whether Winn-Dixie had constructive knowledge of the hazard upon which Bradley slipped and fell is for a jury to decide. Accordingly, we reverse the award of summary judgment to Winn-Dixie.

*Judgment reversed. Barnes, P. J., and Adams, J., concur.*

DECIDED MARCH 2, 2012.

*Farah & Farah, Leslie S. Jean-Bart*, for appellant.
*Hinshaw & Culbertson, Paul Buschmann, James H. Wyman*, for appellee.