**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 10, 2013**

# In the Court of Appeals of Georgia

A13A0748. PRICE v. THAPA.

RAY, Judge.

James Price filed a complaint for damages against Raju Thapa and other defendants[1] for injuries he sustained in a motor vehicle collision. On Thapa's motion for summary judgment, the trial court found that Price had given contradictory testimony regarding his joint enterprise theory of liability based on "tandem driving." Applying the rule set forth in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680) (1986), the court construed the favorable portions of Price's testimony against him and found that, absent such favorable testimony, Thapa was entitled to judgment as a matter of law. On appeal, Price contends that the trial court erred in granting summary judgment, arguing that his testimony was not contradictory

---

[1] The other defendants are not parties to this appeal.

and that his testimony was supported by other evidence. For the following reasons, we reverse.

A grant of summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). "Summary judgments enjoy no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met." (Citations omitted.) *Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010).

"[A] person driving a vehicle recklessly and in tandem with another vehicle [can] be held liable for a resulting collision under a joint enterprise theory, even if his car was not directly involved in the collision." (Citations and footnotes omitted.) *Baxter v. Wakefield*, 259 Ga. App. 475, 476 (577 SE2d 804) (2003). To impose liability against a defendant under a joint enterprise theory, a plaintiff must show that the defendant was jointly engaged with one or more persons in an unlawful enterprise, and that each performed a wrongful act in pursuit of such purpose. If one of the wrongful acts causes an injury, the parties may be held jointly and severally liable. Id. With regard to "tandem driving" specifically, liability under a joint enterprise theory is authorized

> When there is an understanding [between the participants] to reach a common destination and in doing so illegal speed is used and the cars are driven so closely together as to be practically in tandem, or to constitute a unit, . . . [creating] a situation of mutual stimulation where the negligence of each participant is so related to the negligence of the other participants that the participants should each be chargeable with the causal negligence of the other as to speed.

(Punctuation and footnote omitted.) Id. at 476-477.

The record shows that, on September 25, 2008, Price was driving westbound on GA Highway 155 (Jackson Road) when a white van traveling southbound on Johnny Cut Road at an excessive rate of speed ran a stop sign and collided with Price's vehicle. The driver of the van, Vijay Shah, was killed in the collision and Price was seriously injured. Thapa was driving his vehicle 20 to 30 feet behind Shah's van at the time of the collision, and he was following Shah to a gas station/convenience store.

In a sworn affidavit, Price stated that he observed Shah's van and Thapa's vehicle passing through the intersection at a high rate of speed. Price further stated that both vehicles ran the stop sign, and that he observed Thapa's vehicle pass behind him prior to being struck by the van. Price stated that both vehicles were traveling approximately 60 to 70 miles-per-hour, in excess of the posted speed limit of 55

3

miles-per-hour. In his subsequent deposition, Price testified that he saw the white van approaching the intersection at approximately 60 miles per hour, but that he did not see Thapa's vehicle until it passed behind him just before his vehicle was struck by the van. Based on the circumstances, Price testified that Thapa "had to be going just about as fast [as the van] . . . to be coming behind me that fast [prior to the collision]" and "to be that close behind [the van]." Price further testified that he did not actually see the vehicles run the stop sign, but "that they had to have" based on "the speed of the vehicles and the impact." Although Price testified that he did not know for sure if Thapa was following behind the van, he thought that Thapa was following the van because he saw Thapa "zoom" past the rear of his vehicle "maybe a second" before the collision.

Thapa testified during his deposition that he was, in fact, following Shah's van at the time of the collision, and that he was approximately 20 to 30 feet behind the van and driving about 40 to 45 miles-per-hour . Thapa further testified that Shah did not stop at the stop sign, and that he, himself, tried to stop but continued on through the intersection before pulling over and parking at the side of the road. Although Thapa later testified that he stopped at the stop sign before the accident, the officer that investigated the accident testified that there were no skid marks leading up to the

4

stop sign at the intersection, and that he would expect to see skid marks from Thapa's vehicle if he was driving 40 to 45 miles-per-hour and 20 to 30 feet behind Shah's van.

Generally speaking, in an appeal from an order granting a motion for summary judgment, we view the evidence in the light most favorable to the party opposing the motion. *Silver Pigeon Properties, LLC v. Fickling & Co.,* 316 Ga. App. 167, 167 (728 SE2d 801) (2012). However, when a party has given contradictory testimony on the dispositive issue in the case, and when that party relies exclusively on that testimony in opposition to summary judgment, a court must "construe the contradictory testimony against him."[2] *Prophecy*, supra at 28 (1). In such a case, the court must disregard "the favorable portions of the contradictory testimony" and then construe the remaining testimony and evidence in favor of the nonmovant to determine whether summary judgment should be granted. (Footnote omitted.) Id. For purposes of the *Prophecy* rule, testimony is contradictory "if one part of the testimony asserts or expresses the opposite of another part of the testimony." (Footnote omitted.) Id. at

---

[2] Contradictory testimony is not to be construed against a party if the trial court finds that the party offers a reasonable explanation for the contradiction. *Prophecy*, supra at 30 (2). Whether a reasonable explanation has been offered is a question of law for the trial court, and the judge's determination on this issue will be upheld unless it is clearly erroneous. *Bithoney v. Fulton-DeKalb Hosp. Authority*, 313 Ga. App. 335, 342 (1) (721 SE2d 577) (2011).

30 (2). The issue of whether a party's testimony is contradictory "is a question for the trial judge to decide." *Prophecy*, supra at 30 (2).

The court below found contradictions in Price's statements in his affidavit and deposition testimony concerning the speed of the vehicles and the running of the stop sign, and found that Price failed to offer any reasonable explanation for the contradictions. We conclude, however, that Price's statements concerning these matters were essentially consistent and do not provide a proper basis for applying the *Prophecy* rule. Furthermore, Price's contention that Thapa failed to stop at the stop sign is supported by other evidence of record.

For purposes of the *Prophecy* rule, the issue of whether a party-witness's testimony is inconsistent is to be determined, not by individual words or phrases alone, but by the whole impression or effect of what has been said. *Smith v. Vencare*, 238 Ga. App. 621, 624 (1) (519 SE2d 735) (1999). In this case, Price's deposition testimony as to how the accident occurred is not in material conflict with his description of the accident in his affidavit. Based on our review, Price's deposition testimony offers a fuller, more expansive, and complete account of the accident, and it provides the underlying basis for his statements in the affidavit.

Because no material contradiction appears in Price's statements concerning the speed of Shah's and Thapa's vehicles or their running of the stop sign, and because Price's contention that Thapa failed to stop at the stop sign was supported by other evidence, it was error for the court below to apply the *Prophecy* rule and view his testimony in any light other than that most favorable to Price. When viewed in his favor, Price's testimony is sufficient to create a genuine issue of material fact regarding his joint enterprise theory of liability based on "tandem driving." See generally *Bradley v. Winn-Dixie Stores, Inc.*, 314 Ga. App. 556, 559 (724 SE2d 855) (2012) (When no contradiction appears in a party's testimony in opposition to summary judgment, the *Prophecy* rule does not apply, and the testimony as a whole must be construed in that party's favor); *Baxter* supra.

The trial court further found that, even if Price's affidavit and deposition were not contradictory, there was no evidence of a tandem driving theory of liability because Thapa passed through the intersection *after* the collision, and because there was no evidence that Thapa encouraged Shah to drive in excess of the speed limit or to disregard the stop sign. In support of its finding, the trial court appears to rely on the fact that Thapa was not the "lead driver" and that Thapa did not know the specific location of their intended destination. However, Price's testimony indicates that

7

Thapa passed through the intersection and went behind Price's vehicle prior to the collision. Furthermore, there is no legal authority in Georgia requiring that a defendant be the lead driver or that he know the specific location of the intended destination to establish liability for tandem driving. Rather, the joint enterprise theory of liability based on tandem driving only requires that the participants be jointly engaged in driving their respective vehicles in a negligent manner, in close proximity with one another, while traveling to a common destination. *Baxter*, supra. Accord *Kilpatrick v. Foster*, 185 Ga. App. 453, 454-455 (1) (364 SE2d 588) (1987). In this case, the evidence creates a genuine issue of material fact as to Thapa's liability.

For the above reasons, the trial court erred in awarding summary judgment to Thapa.

*Judgment reversed. Barnes, P. J., and Miller, J., concur.*