*141 Dillard, Judge,
dissenting.
Because I disagree with the majority that the trial court properly applied the rule under Prophecy Corp. v. Charles Rossignol, Inc.[1] in granting summary judgment to Shepard, I respectfully dissent.
The majority correctly notes that, under Prophecy,
when a party has given contradictory testimony, and when that party relies exclusively on that testimony in opposition to summary judgment, a court must “construe the contradictory testimony against him.” In such a case, the court must disregard “the favorable portions of the contradictory testimony” and then decide whether the remaining evidence is sufficient to get by summary judgment. For purposes of the Prophecy rule, testimony is contradictory “if one part of the testimony asserts or expresses the opposite of another part of the testimony.”[2]
That said, I disagree with the majority’s conclusion, and the trial court’s conclusion, that Hulsey’s deposition testimony and later-filed affidavit contained contradictory statements.
At the beginning of Hulsey’s deposition, he was asked to describe the accident at issue in the case sub judice, and he explains that he needed to change lanes to the right in order to access 1-285 eastbound. According to Hulsey, “when [he] started to move towards the lane, [he] felt something in [his] front end.” He later explained that, as soon as he felt the vibration at the front of his truck, he
pulled [his] truck straight in [his] lane, let up on [his] accelerator, which [his] Jakes kicked in, which is slowing [his] truck down. And when it wasn’t going away with [him] being in [his] lane, [he] started applying [his] brakes real slow to get [his] truck slowed down to almost where [he] could... when [he] applied the brakes, the car come around [sic] in front of [him].[3]
Counsel then asked Hulsey the following question: “And it was after you got back into your lane when you felt [Shepard’s vehicle] swung around to the — swing around to the front?” Hulsey responded, “When I was in my lane, the vibration was still with me.” Counsel *142 continued, “When you came back?” And Hulsey replied, “Yeah. Well, I don’t know that I ever left my lane. I started towards that lane, and when I started to turn my steering wheel a bit, I felt a vibration. I straightened, turned it back straight up, straightened out in my lane and had let up on the accelerator . . . .”[4]
A while later, Hulsey was presented with a copy of the accident report he completed for his employer, and he confirmed that the written statement he provided to explain the accident was contained on page three and continued on to the subsequent page. After reviewing the written statement, Hulsey agreed with counsel’s observation that “the statement that [counsel was] reading is the same statement [he was] giving [to counsel]” that day and that he “wouldn’t change anything.”
According to one of Hulsey’s written statements, he “started to change lanes [and] [he] felt the front end shake so [he] move [sic] back in the lane [he] was [in] [and] the shaking did not stop . ...” In a lengthier written statement, he explained that, after checking his mirrors and engaging his blinker, he “started to change lanes [and] that is when [he] felt something start to shake in the front end of the truck.” As a result, he “pulled back in the lane [he] was in [and] the front end continued to shake.”
After Shepard filed his motion for summary judgment, in which Shepard contended that Hulsey’s deposition testimony established that Hulsey had negligently entered Shepard’s lane, Hulsey filed an affidavit in response and sought to clarify his earlier testimony. Specifically, Hulsey averred that, had he been asked point blank whether he had left his lane of travel, he would have responded that he did not. Hulsey further averred that he “began to move toward the lane to [his] right” and that, “[b]efore [he] crossed into the lane to [his] right, [he] felt a vibration in the front right wheel of [his] vehicle,” and, as a result, “[he] stopped moving toward the lane to [his] right, straightened [his] vehicle which was still... in the lane in which [he] had been driving and began to lightly apply [his] brakes.”
The majority concludes that the testimony in Hulsey’s affidavit contradicts the testimony given in his written statement and deposition,[5] taking particular issue with Hulsey’s prior statements that he pulled “back in” his lane of travel and asserting that “[o]ne does not pull ‘back in’ a lane that one already occupies.” Thus, the majority *143 finds that Hulsey’s later statements — both in his oral deposition testimony and in his affidavit — conflict to the extent that Hulsey contends he never left his lane of travel. I disagree that Hulsey’s statements are contradictory.
Decided July 14, 2015.
To begin with, for purposes of the Prophecy rule, the issue of whether a party-witness’s testimony is inconsistent is “to be determined, not by individual words or phrases alone, but by the whole impression or effect of what has been said.”[6] Here, in each of Hulsey’s sworn statements (i.e., the written accident report, the deposition testimony, and his affidavit), he has explained that he began moving toward Shepard’s lane; that when he did so, he felt a vibration; and that, upon feeling an impact, he moved or straightened his vehicle “back” in his lane of travel. Indeed, Hulsey has asserted on these three separate occasions that he “pulled [his truck straight in [his] lane”; “straightened, turned it back straight up, straightened out in my lane”; “move[d] back in the lane [he] was [in]”; “pulled back in the lane [he] was in”; and “straightened [his] vehicle which was still in the . . . lane in which [he] had been driving.” Thus, it is not, as the majority asserts, impossible that Hulsey moved “back” into a lane he was already occupying when Hulsey’s prior testimony reflects that he had started moving toward the other lane but discontinued that endeavor by straightening the front portion of his vehicle “back” into the lane he was still occupying.[7] In this regard, Hulsey’s later-filed affidavit is not in material conflict with his prior sworn statements and instead “offers a fuller, more expansive, and complete account of the accident.”[8] Accordingly, the rule in Prophecy does not apply, summary judgment was not appropriate, and the judgment of the trial court should be reversed.
I am authorized to state that Judge Ray and Judge McMillian join in this dissent.
*144 Swift, Currie, McGhee & Hiers, Terry O. Brantley, Alicia A. Timm, for appellants.
Goldstein & Hayes, James A. Goldstein, Jared M. Lina; Christopher J. Adams, for appellee.

 256 Ga. 27 (343 SE2d 680) (1986).

 Bradley v. Winn-Dixie Stores, 314 Ga. App. 556, 557-58 (724 SE2d 855) (2012) (citation and punctuation omitted).

 Emphasis supplied. Ellipses in original.

 Emphasis supplied.

 See CSXTransp. v. Belcher, 276 Ga. 522, 524 (1) (579 SE2d 737) (2003) (“[A] witness under oath who testifies that an unsworn statement is true and accurate incorporates the earlier statement into his present, sworn testimony.”).

 Price v. Thapa, 323 Ga. App. 638, 640 (745 SE2d 311) (2013); accord Smith v. Vencare, Inc., 238 Ga. App. 621, 624 (1) (519 SE2d 735) (1999).

 See Bradley, 314 Ga. App. at 558 (“[B] ecause it is not absolutely impossible, we cannot say that ‘one part of the testimony asserts or expresses the opposite of another part of the testimony.’”); Greeley v. A.G. Spanos Cos., 223 Ga. App. 783, 784 n.2 (479 SE2d 23) (1996) (asserting that a “jury should decide how to interpret and weigh” statements that were “not necessarily inconsistent”).

 Price, 323 Ga. App. at 640; accord Smith, 238 Ga. App. at 624 (1) (“Further, the facts omitted from the earlier statements and testimony do not cause a conflict with the latter testimony; such testimony is merely fuller, more expansive, and complete.”).